M. Forest Nelson
State Bar No. 14904625
S.D.ID 5934
BURT BARR & ASSOCIATES, L.L.P.
304 South Record
Dallas, Texas 75202-4793
214/742-8001 (Telephone)
214/741-6744 (Telecopier)

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

ATTORNEYS FOR NATIONAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO R. VILLALOBOS | § | CIVIL ACTION NO. B -02-33 |
| | § | |
| | § | RESPONSE MOTION |
| VS. | § | TO DISMISS |
| | § | |
| NATIONAL CASUALTY COMPANY | § | |

RESPONSE TO MOTION TO DISMISS

National Casualty Company (National) files this response to plaintiff's motion

to dismiss, and would show:

    1.    National filed an answer on February 19, 2002.

    2.    National filed a notice of removal on February 19, 2002.

    3.    Plaintiff did not request a jury trial in his original petition. Plaintiff

failed to request a jury trial within ten days of the notice of removal and the filing of

National's answer as required under FRCP 38(b).

4.    Plaintiff has waived its right to a trial by jury. The plaintiff is not entitled to dismissal under FRCP 41(a)(2) in an effort to circumvent his jury waiver. Federal appellate courts have prohibited dismissal under FRCP 41(a)(2) as a means of allowing a plaintiff to avoid such waiver and view the dismissal order by the trial court as an abuse of discretion. *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir.1997); *Patruzo v. Home Life Ins. Co.*, 503 F.2d 333, 335 (4th Cir.1974); *Noonan v. Cunard S.S. Co.*, 375 S.W.2d 69, 72 (2nd Cir.1967).

5.    Plaintiff also seeks to dismiss this action so he can purportedly join non-diverse parties to defeat diversity jurisdiction. Dismissal, accordingly, should also be denied because the plaintiff seeks to attempt to deny the defendant of a federal forum by fraudulently joining parties to defeat federal jurisdiction. The loss of a federal forum is an element that warrants denial of a FRCP 41(a)(2) request for dismissal. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996).

6.    Plaintiff's joinder of additional parties would be fraudulent because he has already granted a full release and indemnity to all parties he could even think to join in this action. In Adversary Proceeding 98-1007-B, in the United States Bankruptcy Court fo the Southern District of Texas, Brownsville Division, the plaintiff entered a settlement and release agreement. (attached and incorporated Exhibit 1).

7.    In that settlement agreement the plaintiff, as a releasing party, agreed "never to again instigate legal proceedings in any court against each other with respect to any of the allegations and claims that are the subject matter and arise out of the occurrence made the basis of the above numbered and entitled cause." (Exhibit 1 at page 3 of the settlement and release agreement.)  The mutually released parties are plaintiff's prior employer, Kondos and Kondos, and its "shareholders, stockholders, owners, partners and their heirs, executors, administrators, estate. legal representatives, and assigns." (Exhibit 1 at page 2 of the settlement and release document.).  The released parties reflect the only other persons who would have any involvement in the procurement of and declaration of rights under the policy of insurance in issue.

8.    The last paragraph of the settlement agreement further provides that plaintiff agreed "that any and all claims against each other not specifically released therein, if any, and which are in any way related to or arise out of the occurrence which is the subject of this lawsuit/claim are hereby fully, finally and completely waived." (Exhibit 1 at page 4 of the settlement and release agreement).  Lucy Smith's claims, which forms the basis of this action, was also the subject of the adversary proceeding, as evidenced by request for production Number 30 in the adversary proceeding: "All documents concerning Lucy Smith's personal injury claim."

(Attached and incorporated Exhibit 2 at page 5 of the plaintiff's response to the requests for production.)

9.      If the Court grants dismissal, it should be conditioned on dismissal with prejudice because the plaintiff has asserted he wants to refile in state court to avoid the diversity jurisdiction that had justified removal to federal court. *See Kerrin v. Federated Stores, Inc.*, 100 F.R.D. 715, 716-18 (N.D.GA 1983).

10.     If the Court grants dismissal, defendant asks that the Court condition dismissal upon the plaintiff paying the defendants' costs and fees in removing the case to federal court and in responding to this motion for dismissal.

11.     Counsel Geoff Henley apparently is not licensed to practice before the Southern District of Texas. Geoff Henley has also failed to seek permission from this court to appear as attorney-in-charge for Armando R. Villalobos under Local Rule 83.1.K. Accordingly, the plaintiff's request to dismiss under Rule 41(a) should be struck. Counsel also failed to confer with opposing counsel as required under Local Rule 7.D.

For the reasons stated above, plaintiff is not entitled to dismiss the captioned action under FRCP 41(a)(2).

WHEREFORE, National respectfully requests:

A.      That this Court strike the plaintiff's request to dismiss the captioned

action because lead counsel is not licensed to practice before the Southern District of Texas;

B.    That this Court deny the plaintiff's request to dismiss the captioned action under FRCP 41(a)(2);

C.    That, if this Court decides to dismiss the captioned action, it condition dismissal on the following grounds:

    1.    Dismissal with prejudice;

    2.    Plaintiff has to reimburse the defendant for its costs and fees to date incurred in prosecuting the captioned action; and

D.    That the Court grant such other and further relief as it may deem just and proper, including the attorney's fees, costs, and disbursements of this action.

                    Respectfully submitted,

                    BURT BARR & ASSOCIATES, L.L.P.


                    By:_____
                        M. FOREST NELSON
                        State Bar No. 14904625
                        S.D. ID. 5934
                        304 South Record Street
                        Dallas, Texas 75202
                        (214) 742-8001
                        Telefax: (214) 741-6744


            ATTORNEYS FOR NATIONAL CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response to motion to dismiss was served upon the below counsel of record pursuant to FRCP 5 through regular U.S. Mail on March 6th, 2002:

Henley & Henley, P.C.
Geoff J. Henley
2205 N. Henderson Avenue
Dallas, Texas 75206-6002

M. Forest Nelson


## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.



| SIGNATURE | | |
| --- | --- | --- |
| NAME **KENT C. CARTER** | DATE 3-5-02 | |
| TITLE Regional Director | | |

NAME AND ADDRESS OF DEPOSITORY
Office of Regional Records Services
Southwest Region
501 W. Felix St., Bldg. 1
Fort Worth, TX 76115

NA FORM 13040 (10-86)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 1 5 1999

Michael N. Milby, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|                                   |   |                         |
|-----------------------------------|---|-------------------------|
| IN RE:                            | § |                         |
|                                   | § |                         |
| **ARMANDO R. VILLALOBOS**         | § |                         |
| **DEBTOR**                        | § |                         |
|                                   |   |                         |
| **CAROL CHAPMAN-KONDOS, P.C.**    | § |                         |
| **D/b/a KONDOS & KONDOS**         | § |                         |
| **PLAINTIFF**                     | § |                         |
| **VS.**                           | § | **ADVERSARY NO. 98-1007-B** |
|                                   | § |                         |
| **ARMANDO R. VILLALOBOS**         | § |                         |
| **DEFENDANT**                     | § |                         |

## SETTLEMENT AND RELEASE AGREEMENT

For and in consideration of the following, CAROL CHAPMAN-KONDOS, P.C., agrees to drop any and all claims it has or may have against ARMANDO R. VILLALOBOS that have been raised or could have been raised, in connection with Mr. Villalobos' employment at Kondos & Kondos Law Offices, in this adversary proceeding and in the related state action, Cause No. 97-10780-I, pending in the 162nd Judicial District Court, Dallas County, Texas, adequacy of such consideration is hereby expressly acknowledged and confessed.

In consideration of Carol Chapman-Kondos' agreement to enter into this settlement agreement and to not pursue its claims as outlined above, ARMANDO R. VILLALOBOS agrees to pay to CAROL CHAPMAN-KONDOS, P.C., seven-hundred dollars ($700.00) on or before October 29, 1999, another six-hundred dollars ($600.00) on or before November 20, 1999, and then three-hundred dollars ($300.00) per month for the next 34 months, with the first payment due no later than December 20, 1999 and the last payment due no later than September 20, 2002. The parties further agree that

ARMANDO R. VILLALOBOS may, at any point during the next 30 months, pay to CAROL CHAPMAN-KONDOS, P.C., the present value of the remaining future payments at a ten-percent per annum discount rate, less one-thousand ($1,000.00) as an "early payment" bonus.

ARMANDO R. VILLALOBOS and CAROL CHAPMAN-KONDOS, P.C., further agree to release, drop and hold each other harmless for any and all claims that they may have against each other, concerning Mr. Villalobos' employment with Kondos & Kondos Law Offices, or any issue raised or that could have been raised in this cause of action or the related state proceeding, including any claim or award for sanctions, costs, or attorneys' fees. Further ARMANDO R. VILLALOBOS agrees not to pursue collection of any such award, in consideration for CAROL CHAPMAN-KONDOS, P.C.'s agreement to enter into this settlement agreement and to withdraw its appeal of the two-thousand dollar sanctions awarded against CAROL CHAPMAN-KONDOS, P.C., and in favor of ARMANDO R. VILLALOBOS for an alleged violation of the automatic stay in filing the state proceeding, which was entered by this Court on May 31, 1999.

ARMANDO R. VILLALOBOS and CAROL CHAPMAN-KONDOS, P.C., individually, shareholders, stockholders, owners, partners and their heirs, executors, administrators, estate, legal representatives, and assigns (hereinafter "RELEASING PARTIES") do hereby fully, finally and completely release, compromise, settle and forever discharge each other, their agents, servants, legal representatives, employees (past and present), and assigns (hereinafter "RELEASED PARTIES"), of and from all liens, claims, debts, demands, malpractice or bad faith claims and allegations, causes of action, lawsuits, expenses, contracts, agreements, judgments and liabilities of whatsoever or of

whatsoever kind, both in law and in equity, which the RELEASING PARTIES, ever had, now have or may hereafter have against each other, jointly and severally, arising out of, or which might arise out of, that certain occurrence and/or incident which forms the basis of this claim and/or lawsuit, as is denoted in the above numbered and entitled cause, the related state proceeding, or any claims which in any way relate to, arise out of or are in any way connected with allegations or claims for injuries, expenses or damages.

The RELEASING PARTIES further agree never to again instigate legal proceedings in any court against each other with respect to any of the allegations and claims that are the subject matter and arise out of the occurrence made the basis of the above numbered and entitled cause.

The RELEASING PARTIES agree to hold harmless from and to defend and indemnify each other against all further claims, demands, malpractice or bad faith claims and allegations, liens, costs, expenses and lawsuits incurred by them in the event either party claiming by, through, or under each party ever again institutes a suit or claim against the other party with respect to the allegations and claims and subject matter arising out of or which might arise out of the occurrence in question made the basis of this litigation and/or claim; such indemnification shall include, but is not limited to, the amounts of said claims and the costs of defending these claims, including attorneys' fees and court costs.

The RELEASING PARTIES warrant and represent that they are the owners of the claims being released and they have not transferred, assigned or otherwise encumbered said claims or any part of those claims.

The RELEASING PARTIES warrant and represent that they have made a full and thorough and complete investigation of the facts and circumstances surrounding this occurrence, and voluntarily and of their own free will are signing and entering into this agreement for the purposes and consideration therein expressed. The RELEASING PARTIES further warrant and represent that they state that this Release and Agreement is a full, final and complete settlement and compromise and one which cannot be reopened at any time in the future, regardless of what might take place or occur at a later date.

In entering into this agreement of settlement and compromise, the RELEASING PARTIES have not relied upon any statement or representation made by each other or by any individual or organization representing either party. The RELEASING PARTIES further warrant and represent that they have carefully, completely, and fully read this Release and Agreement, know the contents thereof and understand and fully appreciate the legal consequences of the execution of this Agreement and are doing so voluntarily and of their own free will and are not being forced to sign this Release and Agreement.

It is further understood and agreed by the RELEASING PARTIES that any and all claims against each other not specifically released therein, if any, and which are in any way related to or arise out of the occurrence which is the subject of this lawsuit/claim are hereby fully, finally and completely waived.

Date: _October 29, 1999_

_Armando Williams_

Armando R. Villalobos

_Carol Chapman-Kondos_

Carol Chapman-Kondos on behalf of Carol Chapman-Kondos, P.C.

Settlement and Release Agreement – Page 4

NOV 1 5 1999

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 1 5 1999

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEBTOR | § | |

| | | |
|---|---|---|
| CAROL CHAPMAN-KONDOS, P.C. | § | |
| D/b/a KONDOS & KONDOS | § | |
| PLAINTIFF | § | |
| VS. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEFENDANT | § | |

## AGREED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Carol Chapman-Kondos, P.C., d/b/a Kondos & Kondos Law

Offices, (hereinafter referred to as "Plaintiff") and Armando R. Villalobos, (hereinafter

referred to as "Defendant"), and moves this Court to Dismiss the pending adversary with

prejudice and for cause would show:

### I.

Plaintiff and Defendant have entered into a Settlement and Release Agreement for

the causes of action that have been alleged in this pending adversary.  Because of the

agreed settlement, the parties no longer wish to proceed with this litigation and would

request that the Court dismiss the pending adversary.

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Defendant respectfully

request that this pending adversary be dismissed with prejudice and removed from the

docket of the Court; and any further relief that each party may be entitled.

Agreed Motion to Dismiss – Page 1

Respectfully submitted,

Armando R. Villalobos
SBOT #99788584
PMB #111, 1327 E. Washington Ave.
Harlingen, Texas 78550
(956) 792-6715
**DEFENDANT IS PRO-SE**


Angel K. Avant
SBOT # 01448470
Law Offices of Kondos & Kondos
1595 North Central Expressway
Richardson, Texas 75080-3590
Phone  (972) 231-9924
Fax     (972) 231-8636
**ATTORNEY FOR PLAINTIFF**

FILED BY:
Anjel Avant Benton
State Bar No. 01448470
Attorney for Carol Chapman-Kondos, P.C.
Kondos & Kondos Law Offices
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 20 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:                          *
                                *
ARMANDO R. VILLALOBOS           *    CASE NO. 97-20429-B-7
                                *         (Chapter 7)
        DEBTOR                  *
                                *

_____

CAROL CHAPMAN-KONDOS, P.C.      *
d/b/a KONDOS & KONDOS LAW OFFICES *
                                *
        PLAINTIFF               *
                                *
VS.                             *    ADVERSARY NO. 98-1007-B
                                *
ARMANDO VILLALOBOS              *
                                *
        DEFENDANT.              *

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

    Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices

files this its Complaint to Determine Dischargeability of Debt

("Complaint") as follows:


### I.

### JURISDICTION

1.  This Court has jurisdiction over the claims set forth herein

    pursuant to 28 U.S.C. sec. 157(b) and 1334.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 1



2. The Court has personal jurisdiction over Armando Villalobos ("Defendant") because he resides in Texas and has conducted business in Texas and has committed torts in Texas.

3. This action is a core proceeding under 28 U.S.C. sec. 157(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. sec. 1409.

II.

**PARTIES**

5. Plaintiff Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices is a professional corporation with its place of business in Dallas County, Texas.

6. Defendant Armando R. Villalobos is an individual residing in Collin County, Texas and can be served with process at his office address of: 5960 W. Parker Road, Suite 278, L.B. 191, Plano, Texas 75093.

III.

**NATURE OF SUIT**

7. This complaint is brought pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code. Plaintiff seeks judgment against Defendant and to have Defendant's indebtedness to Plaintiff excepted from his bankruptcy discharge.

IV.

**FACTUAL BACKGROUND**

8. On or about May 27, 1997, Kondos & Kondos employed Defendant as a full-time, salaried attorney to assist in the

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 2

representation of personal injury clients. His job responsibilities included, but were not limited to, accepting incoming calls from prospective clients, obtaining their signature on the law firm's Retainer Agreement, servicing the client, and handling the clients' claims until resolution.

9. While in Kondos & Kondos' employ, Defendant accepted calls from clients seeking Kondos & Kondos' representation and, without Plaintiff's knowledge or permission, solicited Plaintiff's prospective clients and converted their cases for his own use.

10. Defendant, without Plaintiff's knowledge or permission, handled, processed, and resolved cases, keeping for himself all attorney's fees.

11. The above-described actions and misrepresentations of Defendant violate civil and penal statutes prohibiting barratry and constitute fraud, conversion, and tortious interference with business relations.

V.

A. CONVERSION

12. Defendant's wrongful exercise of dominion and control over the cases of clients who had attempted to retain Kondos & Kondos as their counsel constitutes conversion. Such conduct by Defendant was willful and malicious, warranting both actual and exemplary damages, for which Plaintiff now brings suit.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 3

## B. FRAUD

13.    Defendants' misrepresentation of material facts, as described above, was relied on to Plaintiff's detriment and constitute fraud, for which Plaintiff now brings suit for all damages, both actual and exemplary as allowed by law.

## C.    TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

14.    Defendants' wrongful and malicious interference with Kondos & Kondos business relationship with its clients was without legal justification or excuse and has caused damage to Plaintiff, for which Plaintiff now brings suit for all damages as allowed by law.

## VI.

## DAMAGES

15.    Plaintiff has been damaged by the actions of Defendant as described above, and such action was committed knowingly, intentionally, and with malice.

16.    Therefore, Plaintiff brings this action against Defendant Armando Villalobos, for all attorneys fees, costs of court, actual damages and exemplary damages as allowed by law and within the jurisdictional limits of this Court.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 4

VII.

## NONDISCHARGEABILITY OF DEBT PURSUANT TO SEC. 523(a)(2)(A) AND (6)

17.       Pursuant to sec. 523(a)(2)(A) and (6) all amounts owing by Defendant to Plaintiff should be excepted from his discharge.

18.       Pursuant to sec. 523(a))(2)(A) and (6) this Court should determine that Defendant is liable to Plaintiff for the damages outlined above and that these obligations are nondischargeable.

VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kondos & Kondos prays that this Court award Plaintiff its actual and exemplary damages as well as costs of court, attorneys fees, pre-judgment and post-judgment interest against Defendant, and that this Court determine Defendant's indebtedness to Plaintiff to be nondischargeable pursuant to sec. 523(a)(2)(A) and (6) and that Plaintiff be granted such other and further relief to which it may justly be entitled.

Respectfully Submitted,

Kondos & Kondos Law Offices

Anjel Avant Benton
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX
**ATTORNEY FOR PLAINTIFF**

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 5

**ADVERSARY PROCEEDING COVER SHEET**
(Instructions on Reverse)

.Rev 8/87)

| ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|
| 98-1007-B |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CAROL CHAPMAN-KONDOS, P.C. d/b/a KONDOS & KONDOS LAW OFFICES | ARMANDO VILLALOBOS |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Anjel Avant Benton   (972) 231-9924 Kondos & Kondos Law Ofices 1595 N. Central Expressway Richardson, Texas 75080 | Armando Villalobos 5960 W. Parker Rd. Suite 278 LB 191 Plano, Texas 75093 |

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   xx 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff brings this suit pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code to determine dischargeability due to acts of conversion, fraud, and tortious interference with business relations by the Defendant that resulted in damages to Plaintiff.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan

XX 426 To determine the dischargeabrlity of a debt 11 U.S.C. §523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | XX 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 10 | OTHER RELIEF SOUGHT dischargeability | XX JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Armando Villalobos | BANKRUPTCY CASE NO. 97-20429-B-13 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Southern | DIVISIONAL OFFICE Corpus Christi | NAME OF JUDGE Schmidt |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | XX FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE 2/16/98 | PRINT NAME Anjel Avant Benton | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is true and correct copy of documents in his custody.



| SIGNATURE |
| --- |
| *Twila Gore* |

| NAME | DATE |
| --- | --- |
| **KENT C. CARTER** | 3-5-02 |
| TITLE **Regional Director** | |

| NAME AND ADDRESS OF DEPOSITORY |
| --- |
| **Office of Regional Records Services**<br>Southwest Region<br>501 W. Felix St., Bldg. 1<br>Fort Worth, TX 76115 |

NA FORM 13040 (10-86)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| ********************************* | § | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

**DEBTOR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS DIRECTED TO DEFENDANT, ARMANDO R. VILLALOBOS**

TO:    CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, by
and through its attorney of record, Anjel Avant Benton, KONDOS & KONDOS LAW
OFFICES, 1595 North Central Expressway, Richardson, Texas 75080.

Pursuant to the provisions of Bankruptcy Rule 7034, adopting Federal Rule of Civil

Procedure 34, ARMANDO R. VILLALOBOS, Debtor/Defendant, responds to Plaintiff's First

Request for Production of Documents Directed to Defendant, Armando R. Villalobos, propounded

by CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, subject

to the objections stated herein.

Respectfully submitted,

LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 -- facsimile

By: _____
Abelardo Limon, Jr.
Federal I.D. No. 10045
State Bar No. 12357750

## REQUEST FOR PRODUCTION

1. A true and correct copy of the front and back of Defendant's drivers license and social security card.
>    SEE ATTACHED

2. A true and correct copy of Defendant's resume.
>    SEE ATTACHED

3. Each business card used by Defendant from that date Defendant graduated from law school to present.
>    Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, there are none.


4. Any and all employment contracts entered into by Defendant from the date of graduation from law school to present.
>    Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, there are none.

5. Articles of incorporation for every company or organization for which Defendant is an officer, registered agent, owner, or other principal.
>    Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, SEE ATTACHED.

6. Retainer agreements for every client Defendant has represented personally from the date of graduation from law school to present.
>    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

7. True and correct copies of all checks, deposit slips, withdrawal slips, and bank statements for any and all accounts used by Defendant for clients Defendant has personally represented since graduation from law school to present.
>    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

8. All documents indicating suits in which Defendant has been named a party, including, but not limited to bankruptcy.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

9. All documents indicating grievances filed against Defendant with the State Bar of Texas.
   None.

10. Complete client files and client lists for those cases Defendant personally represented from May 1997 to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

11. All written correspondence or documentation between Defendant and Lucio & Assoc. From the date of graduation from law school to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

12. True and correct copies of all Retainer Agreements of clients procured by Defendant for Lucio & Assoc. From May 1997 to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

13. All written or audio taped communication between Defendant and Angela Brooks.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

14. All written documentation, including but not limited to, checks, deposit slips, Retainer Agreements, and correspondence concerning any and all cases handled by Defendant for Angela Brooks.

      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

15. All written or audio taped communication between Defendant and Lucy Smith.

      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

16. All written documentation, including but not limited to, checks, deposit slips, Retainer Agreement, and correspondence concerning any and all cases handled by Defendant for Lucy Smith.

      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

17. Documents indicating any and all office and home addresses used by Defendant from the date Defendant graduated from law school to present.

      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

18. True and correct copies of all police reports Defendant obtained through the use of Kondos & Kondos courier for clients he was personally representing.

      None.

19. Documentation indicating the identity of any cellular phone service and/or pager phone service used by Defendant from May 1997 to present. Include, also documentation indicating the phone number assigned to Defendant.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence. Subject to such objection, there are none.

20. Produce all pager and cellular phone records for Defendant from May 1997 to present, indicating dates and numbers called.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

21. Documentation identifying Defendant's employees from May 1997 to December 1, 1997. By "employee", Defendant refers to those individuals paid by Defendant with his own personal clients.
      None.

22. Documents identifying clients Defendant has represented personally while employed at firms other than Kondos & Kondos, where such representation was not known to the law firm.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence. Subject to such objection, there are none.

23.    All written or audio taped communication between Defendant and any employee or representative of Kondos & Kondos.
      None.

24. Documents identifying clients Defendant has represented personally while employed at Kondos & Kondos, where such representation was not known to Kondos & Kondos.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

25.  Documentation identifying all accounts. including trust funds, used by Defendant to deposit moneys concerning clients Defendant personally represented from May 1997 to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

26. Documents indicating any and all grievances filed against Defendant with the State Bar of Texas, indicating the date, identity of the claimant, the charge or complaint, and its disposition.
      None.

27. Documents identifying any and all suits in which defendant is a named party, including bankruptcy.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

28. Documents identifying all companies in which Defendant is or has been an owner, registered agent, officer, or partner.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

29. All documents concerning Angela Brooks" personal injury case.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

30. All documents concerning Lucy's Smith"'s personal injury claim.
      Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

ANSWER:    Defendant objects to this request on the grounds that it assumed that Defendant intercepted calls for the purpose of representing those clients personally.  Defendant also objects to the request on the grounds that it calls for information which is not in the scope of Defendant's knowledge.  Subject to such objection, deny.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| ************************************* § | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

VERIFICATION

STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared ARMANDO R. VILLALOBOS, known to me to be the person whose name is subscribed to the foregoing Debtors' Response to Plaintiff's First Request for Production of Documents Directed to Defendant, Armando R. Villalobos, and verified that the foregoing is within his personal knowledge and is true and correct.

_____
Armando R. Villalobos

SUBSCRIBED AND SWORN TO before me on June 30, 1998 to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

NORMA JEAN CHAVEZ
MY COMMISSION EXPIRES
nov 21, 1999





☑ 013

This card is the official verification of your Social Security number.
Please sign it right away. Keep it in a safe place.

Improper use of this card or number by anyone is punishable by fine,
imprisonment or both.

This card belongs to the Social Security Administration and you must
return it if we ask for it.

If you find a card that isn't yours, please return it to:
    Social Security Administration
    P.O. Box 17087, Baltimore, MD 21235

For any other Social Security business/information, contact your
local Social Security office. If you write to the above address for any
business other than returning a found card, it will take longer for us
to answer your letter.

**Social Security Administration**
Form SSA–3000 (4–95)                    **D48140128**



Directive to physician
has been filed of to P

Allergic reaction to drugs

**ENDORSEMENTS**
No Endorsements

**RESTRICTIONS**
No Restrictions

# ARMANDO R. VILLALOBOS

5960 W. Parker Road, Suite 278, LB 191
Plano, Texas 75093
972/608-5891

---

**PROFESSIONAL SKILLS :**

Licensed to practice law in the State of Texas since 11/93;
Admitted to practice law in the United States District Court for
the North District of Texas; Bilingual English/Spanish.

**EDUCATION:**

Southern Methodist University School of Law
Dallas, Texas:  J.D., May 1993

The University of Texas at Austin
B.A., in Economics, August 1990

**EMPLOYMENT:**

| | |
|---|---|
| May 1997 – December 1997 | **Kondos & Kondos, Dallas, Texas**<br>Position:    Associate<br>Experience:    Personal Injury/Plaintiff |
| March 1997– May 1997 | **Law Offices of Windle Turley,  Dallas, Texas**<br>Position:    Associate<br>Experience:    Personal Injury/Plaintiff |
| January 1997– March 1997 | **Cameron County District Attorney, Brownsville, Texas**<br>Position:    Assistant District Attorney<br>Experience:    Prosecution of Felony Narcotic Offenses<br>and Asset Forfeiture. |
| August 1995 – December 1996 | **Lucio & Villalobos, P.C., Dallas, Texas**<br>Position:    Principal<br>Experience:    Personal Injury/Plaintiff and Defendant, Criminal Defense, Wrongful Death, Small Business Advising, DTPA, Estate Planning, Probate, Family Law, Real Estate. |
| April 1995 – August 1995 | **Law Offices of Domingo Garcia, Dallas, Texas**<br>Position:    Associate<br>Experience:    Personal Injury/Plaintiff and Criminal Defense. |
| September 1994 – April 1995 | **Cameron County District Attorney, Brownsville, Texas**<br>Position:    Assistant District Attorney<br>Experience:    Prosecution of Felony Narcotic Offenses. |
| January 1993 – June 1994 | **Manchee & Associates, P.C., Dallas, Texas**<br>Position:    Associate<br>Experience:    Personal Injury/Plaintiff and Defendant, Bankruptcy, Wrongful Death, Damages, Corporations, Estate Planning & DTPA. |

**ASSOCIATIONS:**

State Bar of Texas, Mexican-American Bar Association, Plano Bar Association, Dallas
Bar Association, Texas Trial Lawyers Association.

ASSOCIATIONS:
State Bar of Texas, Mexican-American Bar Association, Ō o Bar Association, Dallas
Bar Association, Texas Trial Lawyers Association.

## CERTIFICATE OF SERVICE

I hereby certify I served a copy of the foregoing Response to Plaintiff's First Request for Production of Documents upon the following, Via OVERNIGHT DELIVERY this ⁷⁾ day of July, 1998:

Anjel Avant Benton
KONDOS & KONDOS LAW OFFICES
1595 North Central Expressway
Richardson, Texas 75080

_____
Abelardo Limon

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| ************************************§ | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

## DEBTOR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO ARMANDO R. VILLALOBOS

TO:    CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, by and through its attorney of record, Anjel Avant Benton, KONDOS & KONDOS LAW OFFICES, 1595 North Central Expressway, Richardson, Texas 75080.

Pursuant to the provisions of Bankruptcy Rule 7034, adopting Federal Rule of Civil Procedure 34, ARMANDO R. VILLALOBOS, Debtor/Defendant, responds to Plaintiff's First Request for Admissions Directed to Armando R. Villalobos, propounded by CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, subject to the objections stated herein.

Respectfully submitted,

LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 -- facsimile

By: _____
Abelardo Limon, Jr.
Federal I.D. No. 10045
State Bar No. 12357750

## REQUEST FOR ADMISSIONS OF FACT

1. Admit or deny you were employed as a full- time, salaried attorney at Kondos & Kondos Law Offices from May 27, 1997 to December 1, 1997.

ANSWER:    Admit

2. Admit or deny that you were employed by Kondos & Kondos to assist in representation of personal injury clients.

ANSWER:    Defendant cannot admit or deny this Request for Admission for the reason that in addition to representing personal injury clients, Defendant was also hired to work social security claims, criminal defense matters, and to assist advertising department for Spanish commercials.

3. Admit or deny Kondos & Kondos never agreed to allow you to retain attorney's fees from clients seeking representation from Kondos & Kondos.

ANSWER:    Defendant cannot admit or deny this Request for Admission for the reason that Defendant and Plaintiff  never discussed attorneys fees in regards to criminal and other matters which were not part of my normal duties at Kondos & Kondos.

4. Admit or deny you agreed to personally represent individuals who were calling Kondos & Kondos for representation.

ANSWER:    Deny.

5. Admit or deny you pocketed money from cases belonging to clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

6. Admit or deny you communicated with your own clients on Kondos & Kondos' time and using Kondos & Kondos' long distance.

ANSWER:    Defendant objects to this request as being a compound request for admission. Subject to such objection, deny.

7. Admit or deny you personally solicited clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

8. Admit or deny that you did not notify Kondos & Kondos that you were personally representing clients who had called Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request as being vague in that is assumes that Defendant represented persons who had called Kondos & Kondos for representation. Subject to such objection, Defendant cannot admit or deny as worded. Further, Defendant denies personally representing clients who called Kondos & Kondos for representation.

9. Admit or deny that you met your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

10. Admit or deny you agreed to personally represent more than one client who had originally called Kondos & Kondos for representation.

ANSWER:    Deny.

11. Admit or deny you offered clients who called Kondos & Kondos a lower fee if they would retain you personally - instead of Kondos &Kondos.

ANSWER:     Deny.

12. Admit or deny, after you were fired, you told clients not to call you at Kondos & Kondos because a paralegal was giving you trouble and would not give you the call.

ANSWER:     Deny.

13. Admit or deny you were fired for personally representing a client who had originally contacted Kondos & Kondos for representation.

ANSWER:     Deny.

14. Admit or deny you sent Lucio & Assoc. Clients who had called Kondos & Kondos for representation.

ANSWER:     Deny.

15. Admit or deny you had an arrangement with Lucio & Assoc. regarding cases that you retained from clients who had called Kondos & Kondos for representation.

ANSWER:     Deny.

16. Admit or deny you did not tell clients that you personally signed up that they were not retaining Kondos & Kondos as their counsel.

ANSWER:     Defendant objects to this request as being vague in that it assumes that Defendant signed up clients who called Kondos & Kondos for representation. Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

17. Admit or deny you came in late to work at Kondos & Kondos on a regular basis.

ANSWER:    Deny.

18. Admit or deny you regularly read the newspaper on Kondos & Kondos' time.

ANSWER:    Deny.

19. Admit or deny you deposited moneys from clients' cases that you personally represented from May 1997 to present into an account set up by Lucio & Assoc.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege.  Subject to said objection, deny.

20. Admit or deny you deposited the insurance company's settlement check for Angela Brooks' settlement into your own personal account.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege.  Subject to said objection, deny.

21.  Admit or deny you never informed Kondos & Kondos that you were signing clients up personally who had called the firm for representation.

ANSWER:    Defendant objects to this request as being vague in that it assumes that Defendant signed up clients who called Kondos & Kondos for representation.  Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

22. Admit or deny you used Kondos & Kondos' advertising and reputation to obtain clients for yourself.

ANSWER:    Deny.

23. Admit or deny you used Kondos & Kondos' resources to work on your own clients' cases.

ANSWER:    Defendant objects to this request on the grounds as being vague in the use of the term "resources." Subject to such objection, deny.

24. Admit or deny you told Bill Robbins and Carol Kondos that you were personally representing only one client who had originally called the firm for representation.

ANSWER:    Deny.

25. Admit or deny that you informed other individuals that you were personally representing clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

26. Admit or deny you knew it was wrong to personally represent a client who had contacted Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request on the grounds as being vague in the use of the term "resources." Subject to such objection, deny.

27. Admit or deny you never had Kondos & Kondos' permission to personally represent clients on your own while employed at Kondos & Kondos.

ANSWER:    Deny.

28. Admit or deny you used Kondos & Kondos' couriers to obtain police reports for clients you had signed up personally.

ANSWER:    Deny.

29. Admit or deny you have represented your own personal clients for more than three (3) months while employed with Kondos & Kondos.

ANSWER:    Admit.

30. Admit or deny you had not met Angela Brooks prior to July 28, 1997

ANSWER:    Deny.

31. Admit or deny you telephoned and/or accepted telephone calls from your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

32. Admit or deny you mailed correspondence to your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

33. Admit or deny you sent faxes concerning your personal clients' cases on Kondos & Kondos' time.

ANSWER:    Deny.

34. Admit or deny you did not deposit settlement proceeds from Angela Brooks' case into a trust account.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege.  Subject to said objection, deny.

35.  Admit or deny you knew it was Kondos & Kondos' policy to have all clients sign a Kondos & Kondos' Retainer Agreement.

ANSWER:    Deny.

36.  Admit or deny you planned to solicit clients calling Kondos &Kondos for representation as soon as you began working for Kondos & Kondos.

ANSWER:    Deny.

37.  Admit or deny you solicited Lucy Smith as your personal client when she called Kondos & Kondos for representation.

ANSWER:    Deny.

38.  Admit or deny you never planned to inform Kondos & Kondos that you had personally represented a client who had originally called Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request on the grounds that this request assumes that Defendant represented a client who had originally called Kondos & Kondos for representation. Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

39.  Admit or deny you did not have legal malpractice insurance to cover you on cases that you personally handle without Kondos & Kondos' Retainer Agreements from May 1997 to December 1, 1997.

ANSWER:    Unable to admit or deny.  Defendant is unsure what the legal malpractice insurance provided by Kondos & Kondos covered.  Defendant did not have any other insurance than what was provided by Kondos & Kondos.

40. Admit or deny you scheduled meetings with medical practitioners to discuss letters of protection and potential patients that you would or might send that you represented personally.

ANSWER:    Deny.

41. Admit or deny that such meetings, as described in Request No. 40, were scheduled on Kondos & Kondos' time.

ANSWER:    Deny.

42. Admit or deny that such meetings, as described in Request NO. 40, were scheduled to take place on Kondos & Kondos' time.

ANSWER:    Deny.

43. Admit or deny that such meetings, as described in Request No. 40, were scheduled to take place with you, the medical practitioner and other employees or employee of Kondos & Kondos.

ANSWER:    Deny.

44. Admit or deny Kondos & Kondos' employees or an employee assisted you on cases involving your personal clients ( i.e. those who had not signed a Kondos & Kondos' Retainer Agreement.)

ANSWER:    Deny.

45. Admit or deny you requested medical providers to treat your personal clients on a letter of protection from Kondos & Kondos.

ANSWER:   Deny.

46. Admit or deny, while working for law firms other than Kondos & Kondos, you have personally represented clients who had originally called your employer for representation.

ANSWER:   Deny.

47. Admit or deny, while working for law firms other than Kondos & Kondos, you have personally represented clients who had originally called your employer for representation.

ANSWER:   Deny.

48. Admit or deny you have been terminated from your employment with a law firm other than Kondos & Kondos.

ANSWER:   Deny.

49. Admit or deny you stole at least one case from Kondos & Kondos.

ANSWER:   Deny.

50. Admit or deny you have intercepted clients calls to firms other than Kondos & Kondos for the purpose of representing them personally.

ANSWER:   Deny.

51. Admit or deny Lucio & Assoc. had knowledge that you had intercepted client calls to Kondos & Kondos and/or other law firms for the purpose of representing those clients personally.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
|    Debtor | § | |
| ********************************§ | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

VERIFICATION

STATE OF TEXAS
COUNTY OF CAMERON

    BEFORE ME, the undersigned authority, on this day personally appeared ARMANDO R.
VILLALOBOS, known to me to be the person whose name is subscribed to the foregoing Debtors'
Response to Plaintiff's First Request for Admissions Directed to Defendant, Armando R. Villalobos,
and verified that the foregoing is within his personal knowledge and is true and correct.

_____
Armando R. Villalobos

    SUBSCRIBED AND SWORN TO before me on June 30, 1998 to certify which witness
my hand and official seal.

_____
Notary Public, State of Texas

NORMA JEAN CHAVEZ
MY COMMISSION EXPIRES
July 21, 1999

## CERTIFICATE OF SERVICE

I hereby certify I served a copy of the foregoing Response to Plaintiff's First Request for Admissions upon the following, Via OVERNIGHT MAIL, this ___ day of July, 1998:

Anjel Avant Benton
KONDOS & KONDOS LAW OFFICES
1595 North Central Expressway
Richardson, Texas 75080

Abelardo Limon

```
FILED BY:
Anjel Avant Benton
State Bar No. 01448470
Attorney for Carol Chapman-Kondos, P.C.
Kondos & Kondos Law Offices
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX
```

United States Bankruptcy Court
Southern District of Texas
FILED

FEB 2 0 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:                          *
                                *
ARMANDO R. VILLALOBOS           *     CASE NO. 97-20429-B-7
                                *     (Chapter 7)
        DEBTOR                  *
                                *

---

CAROL CHAPMAN-KONDOS, P.C.      *
d/b/a KONDOS & KONDOS LAW OFFICES *
                                *
        PLAINTIFF               *
                                *
VS.                             *     ADVERSARY NO. 98-1007-B
                                *
ARMANDO VILLALOBOS              *
                                *
        DEFENDANT.              *

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices

files this its Complaint to Determine Dischargeability of Debt

("Complaint") as follows:

### I.

### JURISDICTION

1.   This Court has jurisdiction over the claims set forth herein

    pursuant to 28 U.S.C. sec. 157(b) and 1334.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 1

2.   The Court has personal jurisdiction over Armando Villalobos ("Defendant") because he resides in Texas and has conducted business in Texas and has committed torts in Texas.

3.   This action is a core proceeding under 28 U.S.C. sec. 157(b)(2).

4.   Venue is proper in this district pursuant to 28 U.S.C. sec. 1409.

## II.

### PARTIES

5.   Plaintiff Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices is a professional corporation with its place of business in Dallas County, Texas.

6.   Defendant Armando R. Villalobos is an individual residing in Collin County, Texas and can be served with process at his office address of: 5960 W. Parker Road, Suite 278, L.B. 191, Plano, Texas 75093.

## III.

### NATURE OF SUIT

7.   This complaint is brought pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code. Plaintiff seeks judgment against Defendant and to have Defendant's indebtedness to Plaintiff excepted from his bankruptcy discharge.

## IV.

### FACTUAL BACKGROUND

8.   On or about May 27, 1997, Kondos & Kondos employed Defendant as a full-time, salaried attorney to assist in the

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 2

representation of personal injury clients. His job responsibilities included, but were not limited to, accepting incoming calls from prospective clients, obtaining their signature on the law firm's Retainer Agreement, servicing the client, and handling the clients' claims until resolution.

9.    While in Kondos & Kondos' employ, Defendant accepted calls from clients seeking Kondos & Kondos' representation and, without Plaintiff's knowledge or permission, solicited Plaintiff's prospective clients and converted their cases for his own use.

10.    Defendant, without Plaintiff's knowledge or permission, handled, processed, and resolved cases, keeping for himself all attorney's fees.

11.    The above-described actions and misrepresentations of Defendant violate civil and penal statutes prohibiting barratry and constitute fraud, conversion, and tortious interference with business relations.

V.

A. CONVERSION

12.    Defendant's wrongful exercise of dominion and control over the cases of clients who had attempted to retain Kondos & Kondos as their counsel constitutes conversion. Such conduct by Defendant was willful and malicious, warranting both actual and exemplary damages, for which Plaintiff now brings suit.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 3

## B. **FRAUD**

13.     Defendants' misrepresentation of material facts, as described above, was relied on to Plaintiff's detriment and constitute fraud, for which Plaintiff now brings suit for all damages, both actual and exemplary as allowed by law.

## C.     **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

14.     Defendants' wrongful and malicious interference with Kondos & Kondos business relationship with its clients was without legal justification or excuse and has caused damage to Plaintiff, for which Plaintiff now brings suit for all damages as allowed by law.

## VI.

## **DAMAGES**

15.     Plaintiff has been damaged by the actions of Defendant as described above, and such action was committed knowingly, intentionally, and with malice.

16.     Therefore, Plaintiff brings this action against Defendant Armando Villalobos, for all attorneys fees, costs of court, actual damages and exemplary damages as allowed by law and within the jurisdictional limits of this Court.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 4

## VII.

### NONDISCHARGEABILITY OF DEBT PURSUANT TO SEC. 523(a)(2)(A) AND (6)

17.      Pursuant to sec. 523(a)(2)(A) and (6) all amounts owing by Defendant to Plaintiff should be excepted from his discharge.

18.      Pursuant to sec. 523(a))(2)(A) and (6) this Court should determine that Defendant is liable to Plaintiff for the damages outlined above and that these obligations are nondischargeable.

## VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kondos & Kondos prays that this Court award Plaintiff its actual and exemplary damages as well as costs of court, attorneys fees, pre-judgment and post-judgment interest against Defendant, and that this Court determine Defendant's indebtedness to Plaintiff to be nondischargeable pursuant to sec. 523(a)(2)(A) and (6) and that Plaintiff be granted such other and further relief to which it may justly be entitled.

Respectfully Submitted,

Kondos & Kondos Law Offices

Anjel Avant Benton
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX
ATTORNEY FOR PLAINTIFF

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 5