United States District Court
Southern District of Texas
FILED

MAR 2 8 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO R. VILLALOBOS | § | CIVIL ACTION NO. B -02-33 |
| | § | |
| | § | DEFENDANT'S RESPONSE TO |
| VS. | § | TO MOTION FOR REMAND |
| | § | |
| NATIONAL CASUALTY COMPANY | § | |

**DEFENDANT NATIONAL CASUALTY COMPANY'S RESPONSE,
INCLUDING AUTHORITIES, TO PLAINTIFFS' MOTION FOR REMAND**


M. Forest Nelson
State Bar No. 14904625
S.D.ID 5934
BURT BARR & ASSOCIATES, L.L.P.
304 South Record
Dallas, Texas 75202-4793
214/742-8001 (Telephone)
214/741-6744 (Telecopier)

ATTORNEYS FOR NATIONAL CASUALTY COMPANY

## TABLE OF CONTENTS

FACTUAL SUPPORT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNDISPUTED FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      DEFENDANT DID NOT WAIVE ITS RIGHT TO
      REMOVE THIS ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      SUFFICIENT FACTS EXIST TO SHOW $75,000
      IN CONTROVERSY, EXCLUSIVE OF COSTS
      AND INTEREST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      PLAINTIFF CANNOT DEFEAT DIVERSITY BY
      SEEKING TO JOIN PARTIES AGAINST WHOM
      RECOVERY IS NOT REALLY POSSIBLE.  . . . . . . . . . . . . . . . . . 7

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

FEDERAL CASES                                                          PAGE

*American States Ins. Co. v. Bailey,*
       133 F.3d 363 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Asociacion Nacional Pescadores v. Dow Quimica de Colombia S.A.,*
       988 F.2d 559 (5th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carnegie-Mellon Univ. v. Cohill,*
       484 U.S. 343 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Carpenter v. Illinois Central Gulf Railroad Co.,*
       524 F.Supp. 249(M.D.La.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Certain Underwriters at Lloyds v. Bristol-Myers Squibb Co.,*
       51 F.Supp.2d 756 (E.D.Tex.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Chittick v. Farmers Ins. Exch.,*
       844 F.Supp. 1153 (S.D.Tex.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Clinco v. Roberts,*
       41 F.Supp.2d 1080 (C.D.CA.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cobb v. Delta Exports, Inc.,*
       186 F.3d 675 (5th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Continental Cas. Co. v. City of Richmond,*
       763 F.2d 1076 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fair v. Biltmore Securities, Inc.,*
       166 FRD 39 (M.D.Al.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Griggs v. State Farm Lloyds,*
       181 F.3d 694 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jacks v. Thorn Americas, Inc.,*
       121 F.Supp.2d 574 (E.D.Tex.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES CON'T

FEDERAL CASES                                                          PAGE

*Johnson v. Heublein, Inc.,*
    227 F.3d 236 (5th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lopez v. General Motors Corp.,*
    697 F.2d 1328 (9th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mayes v. Rapoport,*
    198 F.3d 457 (4th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Newcombe v. Adolf Coors Co.,*
    157 F.3d 686 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rosenthal v. Coates,*
    148 U.S. 142 (1893) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rothner v. City of Chicago,*
    879 F.2d 1402 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*St. Paul Reinsurance Co., Ltd. v. Greenberg,*
    134 F.3d 1250 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Walton v. Elite Express of Indiana,*
    2001 U.S. Dist. Lexis 20464 (N.D.Tex.2001) . . . . . . . . . . . . . . . . . . . . . . . 7

*Winner's Circle of Las Vegas, Inc. v. AMI-Franchising, Inc.,*
    916 F.Supp.1024 (D.NV.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Zbranek v. Hofheinz,*
    727 F.Supp. 324 (E.D.Tex.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATE CASES

*Dresser Indus., Inc. v. Page Petroleum, Inc.,*
    853 S.W.2d 505 (Tex.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Natividad v. Alexsis, Inc.,*
    875 S.W.2d 695 (Tex.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES CON'T

**STATE CASES**                                                    **PAGE**

*Tanglewood Homes Ass'n, Inc. v. Henke,*
    729 S.W.2d 39 (Tex.App.-Houston,[1st Dist.] 1987, writ ref'd n.r.e.)  . . . . 5

**STATUTES**

28 U.S.C. § 1447(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 13

Tex.Civ.Prac. & Rem.Code Ann. § 37.009 . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex.Civ.Prac. & Rem.Code Ann. § 41.008(b)(1) (A) - (B)  . . . . . . . . . . . . . . . . . 7

**RULES**

FRCP 15(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

FRCP 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

S.D.L.R. 7.1.D.(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

S.D.L.R. 7.4.C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

S.D.L.R. 7.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex.R.Civ.P. 190.2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex.R.Civ.P. 190.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

M. Forest Nelson
State Bar No. 14904625
S.D.ID 5934
BURT BARR & ASSOCIATES, L.L.P.
304 South Record
Dallas, Texas 75202-4793
214/742-8001 (Telephone)
214/741-6744 (Telecopier)

ATTORNEYS FOR NATIONAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO R. VILLALOBOS | § | CIVIL ACTION NO. B -02-33 |
| | § | |
| | § | DEFENDANT'S RESPONSE TO |
| VS. | § | TO MOTION FOR REMAND |
| | § | |
| NATIONAL CASUALTY COMPANY | § | |

## DEFENDANT NATIONAL CASUALTY COMPANY'S RESPONSE, INCLUDING AUTHORITIES, TO PLAINTIFFS' MOTION FOR REMAND

Subject to its motion to strike the plaintiff's motion to remand, defendant

National Casualty Company (NCC) files this response, including authorities, to

plaintiff's motion for remand, and would show:

1.    Plaintiff did not comply with Local Rule 7.1.D.(1), as the movant did not

confer with the respondent about the merits of the motion to remand.

2.    Defendant files the attached incorporated Appendix as proof by affidavit

of other documentary evidence under Local Rule 7.7.

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 1
F:\BB\40055.02\PLEADING\remand response.wpd

3.    Defendant includes its authorities in this response under Local Rule 7.4.C.

4.    Plaintiff asserts three grounds for remand: (1) defendant waived its right to removal by seeking affirmative relief; (2) plaintiff did not specifically state that the recovery sought exceeded $75,000.00; and (1) plaintiff intends to join two non-diverse parties.

FACTUAL SUPPORT

5.    NCC asks the Court to take judicial notice of the file.

6.    NCC incorporates the Appendix attached to this response.

UNDISPUTED FACTS

7.    The undisputed facts include the following:

    a.    Plaintiff filed a Level 2 discovery control plan in his original petition;

    b.    Plaintiff seeks indemnity for the claims Lucy and Michael Smith (Smiths) have asserted against him in a state action in Dallas County;

    c.    The Smiths filed a Level 3 discovery control plan in the action against plaintiff;

    d.    The Smiths have sought compensatory, statutory treble damages,

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

304 S. RECORD

DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 2
F:\BB\40055.02\PLEADING\remand response.wpd

punitive damages, and attorney's fees from plaintiff in the Dallas action;

e.    Only an original petition, answer, return of service, and notice of removal were filed in the action removed from state court in Cameron County - no hearings were held before this state court;

f.    One of the parties plaintiff contends he wants to join is a co-defendant in the Smith litigation in Dallas: Carol Kondos, P.C. (Kondos);

g.    Plaintiff has had no contact with the other party he seeks to join; and

h.    Plaintiff has already released all claims arising out of the representation of the Smiths against the parties he seeks to join.

## AUTHORITIES

### DEFENDANT DID NOT WAIVE ITS RIGHT TO REMOVE THIS ACTION.

Plaintiff contends that NCC waived its right to remove this action because it plead for recovery of attorney's fees and costs in its original answer. Per the plaintiff, the request for such relief constituted a waiver of the right to remove this action. Waiver, however, does not arise absent a defendant actively invoking the jurisdiction of the state court by seeking a ruling, finding, or judgment. *See Zbranek v. Hofheinz,*

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 3
F:\BB\40055 02\PLEADING\remand response.wpd

727 F.Supp. 324, 325 (E.D.Tex.1989).

For example, a defendant waives removal by actively invoking jurisdiction, if

he:

1.    Seeks an injunction: *Id*;

2.    Obtains a special exceptions order: *Id.*;

3.    Moves to quash subpoenas: *Id.*;

4.    Attends a summary judgment hearing: *Jacks v. Thorn Americas, Inc.*, 121 F.Supp.2d 574 (E.D.Tex.2000);

5.    Moves to dismiss a claim: *Certain Underwriters at Lloyds v. Bristol-Myers Squibb Co.*, 51 F.Supp.2d 756 (E.D.Tex.1999); or

6.    Seeks to vacate an attachment order: *Rosenthal v. Coates*, 148 U.S. 142 (1893).

Whereas, a defendant does not waive removal, by:

1.    Filing an answer: *Carpenter v. Illinois Central Gulf Railroad Co.,* 524 F.Supp. 249, 251(M.D.La.1981);

2.    Opposing a motion for temporary restraining order or even seeking an interlocutory appeal of that order: *Rothner v. City of Chicago*, 879 F.2d 1402, 1418 (7th Cir. 1989); or

3.    Filing a motion to stay pending arbitration: *Fair v. Biltmore Securities,*

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 4
F:\BB\40055 02\PLEADING\remand response.wpd

*Inc.*, 166 FRD 39, 42 (M.D.Al.1996).

NCC only filed a general denial answer to the original petition in the removed state action. NCC did not file a counterclaim against the plaintiff in the state court action in Cameron County. The relief afforded under § 37.009 of the Texas Civil Practices and Remedies Code for costs and attorney's fees applies to defendants and plaintiffs, regardless of whether a counterclaim is filed. Indeed, a Texas state court can even award attorney's fees and costs to a non-prevailing party under § 37.009. *Tanglewood Homes Ass'n, Inc. v. Henke*, 729 S.W.2d 39, 45 (Tex.App.-Houston,[1st Dist.] 1987, writ ref'd n.r.e.).

NCC did not invoke the jurisdiction of the state court, by seeking a ruling, finding, or judgment from the state court. NCC simply asserted its rights as a defendant under § 37.009 to recoup attorney's fees in defending the declaratory judgments, if the trial court saw fit.

The *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir.2000) opinion, accordingly, is inapposite in this case. NCC did not, before removal, file a motion to dismiss or a motion for summary judgment in the state court proceedings - as did Heublein - that would have invoked the state court's jurisdiction and waived the right to removal.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

## SUFFICIENT FACTS EXIST TO SHOW $75,000 IN CONTROVERSY, EXCLUSIVE OF COSTS AND INTEREST.

First, plaintiff has not submitted a stipulation to the Court indicating that he will not seek more than $75,000.00 in a remanded state court action, a covenant not to execute on any judgment exceeding $75,000.00, and a waiver to avoid the stipulation based upon newly discovered or unknown facts. *See Asociacion Nacional Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993).

Plaintiff asserted in his original petition that the action would fall within a Level 2 discovery control plan. Rule 190.3 of the Texas Rules of Civil Procedure. To fall within a Level 2 or 3 control plan, actual damages have to exceed $50,000.00 exclusive of costs, interest, and attorney's fees. Rule 190.2(a)(1) of the Texas Rules of Civil Procedure.

Plaintiff seeks indemnity for all claims within the malpractice suit brought by Smiths. Smiths have asserted a Level 3 claim against plaintiff. (App.13)[1]. The Smith's have sought recovery of treble damages and exemplary damages against plaintiff as well as attorney's fees.

Trebling of the actual damages - at least $50,000.00 in a Level 3 case, would equal $150,000.00. Punitive damages have no set ratio to actual damages. *Chittick*

---

[1]     "App" refers to the accompanying appendix. The number following "APP " refers to the number in the lower right-hand corner of each documents in the appendix.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 6
F.\BB\40055.02\PLEADING\remand response.wpd

*v. Farmers Ins. Exch.*, 844 F.Supp. 1153, 1155 (S.D.Tex.1994).   The Texas

legislature has placed a cap on punitive damages of the greater of $200,000 or two

times economic damages plus noneconomic damages not to exceed $750,000.

Tex.Civ.Prac. & Rem.Code Ann. § 41.008(b)(1) (A) - (B).

To calculate the amount in controversy, one adds in (1) actual damages, (2)

statutory enhanced damages, (3) punitive damages, and (4) attorney's fees. *St. Paul

Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).   Applying

this calculus to the facially apparent pleadings, one finds: (1) actual damages of at

least $50,000.00; (2) plead for statutory treble damages of $150,000; (3) punitive

damages of at least $200,000; and (4) attorney's fees.   The plead for damages and

indemnity sought by the plaintiff will more likely than not exceed the $75,000

amount in controversy required for diversity jurisdiction. *See Walton v. Elite Express

of Indiana*, 2001 U.S. Dist. Lexis 20464 (N.D.Tex.2001).

> PLAINTIFF CANNOT DEFEAT
> DIVERSITY BY SEEKING TO JOIN
> PARTIES AGAINST WHOM RECOVERY
> IS NOT REALLY POSSIBLE.

Under 28 U.S.C. § 1447(e), this Court can deny joinder of a non-diverse party.

Accordingly, this Court must first determine if joinder is permissible, and if

permissible, does § 1447(e) still preclude such joinder.

Plaintiff contends it wants to join Carol Kondos, P.C. (Kondos), his prior

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

304 S. RECORD

DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 7
F:\BB\40055.02\PLEADING\remand response.wpd

employer, and U.S. Risk Underwriters, Inc. (USRU), an insurance agent. The facts demonstrate the plaintiff has no viable claim against either party, which he probably recognized when he just brought suit against NCC in Cameron County district court. The absence of a colorable claim precludes joinder.

Under FRCP 20, one can join defendants if one can assert a right to relief. However, the permissive joinder allowed by FRCP 15(a) does not apply when a plaintiff seeks to destroy diversity after removal - to do so invites forum manipulation. *See Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086 (C.D.CA.1999); *Winner's Circle of Las Vegas, Inc. v. AMI-Franchising, Inc.*, 916 F.Supp.1024, 1025 (D.NV.1996).   And 28 U.S.C. § 1447(e) permits a defendant to object to, and a court to reject, joinder of a person against whom a colorable claim will not lie.

The Fifth Circuit spoke to the inability of a plaintiff to join fraudulently a defendant after removal, in an attempt to destroy diversity:

> [A] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join.  There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

*Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir.1999).

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 8
F:\BB\40055.02\PLEADING\remand response.wpd

Does the plaintiff have a colorable claim against Kondos and URSU? No. First, plaintiff has not sought leave to amend his complaint under FRCP 15(a). Accordingly, this Court has no facts to determine whether joinder is permissible, and thus should not permit joinder for lack of any claim, colorable or otherwise. Assuming arguendo, that plaintiff had asserted claims, factually, he could not maintain an action against Kondos or URSU.

Beginning with URSU, plaintiff cannot assert any of the following facts:

1.  That he had a contract with URSU;

2.  That URSU had any claims handling responsibilities;

3.  That URSU had any decision-making authority regarding NCC's denial of a defense and indemnity;

4.  That a special relationship existed between URSU, an insurance agent[2], and plaintiff;

5.  That URSU made any affirmative misrepresentations to plaintiff that caused injury to plaintiff;

6.  That URSU had any contact with the plaintiff;

7.  That plaintiff had even been employed by Kondos in the 34 month period preceding his tender of a defense to NCC; and

---

[2]      *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex.1994).

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 9
F \BB\40055 02\PLEADING\remand response wpd

8.    That his name even appeared as an attorney employed by Kondos on any

insurance policy applications submitted to NCC. (App.2, 8, 9)

Faced with facts even more favorable to the plaintiff than this, the Fifth Circuit

held in *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701-02 (1999) that the plaintiff

could not maintain an action against an insurance agent. Indeed, in *Griggs*, the agent,

at policy inception, had stated that the carrier would handle the insured's claims

professionally and, post-claim, that the agent would monitor the claims process. If

those statements would not support joinder of an agent, nothing in this record would

merit the agent's (URSU) joinder.

Turning to Kondos, plaintiff entered a Settlement and Release Agreement with

Kondos that encompassed all claims arising out of any occurrence included in the

objection to bankruptcy discharge. (App.28-30). The objection to discharge included

the representation of the Smiths, as evidenced by the discovery propounded to

plaintiff. (App.44, 46).

By this Release Agreement, plaintiff relinquished every claim he had against

Kondos arising out of the Smiths' representation. Plaintiff and Kondos agreed "never

to again instigate legal proceedings in any court against each other with respect to any

of the allegations and claims that are the subject matter and arise out of[3] the

---

[3]    The Fifth Circuit, in the context of insurance policies, has interpreted the phrase "arise out of" broadly to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from'

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 10
F:\BB\40055 02\PLEADING\remand response.wpd

occurrence made the basis of the above numbered and entitled cause." (App. 30). This Release Agreement embraces the claims plaintiff now contends he wants to assert against Kondos; claims which have no merit because of the Release Agreement. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex.1993).

Plaintiff has no colorable claim against Kondos or URSU; and under the Fifth Circuit's directive in *Cobb,* these parties should never be allowed to become defendants in the first place. Unable to join Kondos or URSU, plaintiff has no basis for seeking remand for lack of diversity.

Other factors under § 1447(e) also militate against joinder of Kondos and URSU and the destruction of diversity. Plaintiff only seeks to join Kondos or URSU to destroy diversity. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir.1999).

In 2000, the Smiths initiated suit against Kondos and plaintiff, in Cause No. 00-07529-B, in the 44th Judicial District Court of Dallas County, Texas. The Dallas action is still pending. That action had been fairly developed when the plaintiff filed suit against NCC in Cameron County. The plaintiff could have filed its declaratory

---

*Continental Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1080-81 (9th Cir. 1985) (concluding that a claim need only bear an "incidental relationship" to the excluded injury for the policy's exclusion to apply) (cited in *American States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir.1998).

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 11
F.\BB\40055.02\PLEADING\remand response.wpd

judgment action against NCC in Dallas[4] and joined any claims, however specious, he thought he had against Kondos in the Dallas action. The plaintiff's actions demonstrate a clear intent to forum shop and a desire to seek to fraudulently join parties to avoid this Court and the state court in Dallas.

The next factor also militates against joinder, the absence of any prejudice to the plaintiff by denying joinder. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998). If the plaintiff obtains a declaratory judgment against NCC, NCC can satisfy that judgment. The pending action in Dallas County also affords a venue for suing Kondos and URSU, indeed, Kondos is already a party to the Dallas action.

Another factor refuting the need for joinder is the timeliness of joinder. NCC declined coverage in January, 2001. (Exhibit B to Plaintiff's Original Petition). Plaintiff knew the basis for denial of coverage for over a year. The Plaintiff did not initiate suit in the pending Dallas action. Almost a year after receiving notice of declination, plaintiff initiated suit in Cameron County, and failed to name Kondos and URSU.

Defendant removed the suit to federal court, and plaintiff still did not raise the specter of any potential claims against Kondos or URSU. Plaintiff filed a motion to voluntary dismiss the removed action, again without mention of any potential claims

---

[4]    NCC filed a counterclaim in the Dallas action when plaintiff filed his motion to dismiss under FRCP 41 - which motion he has subsequently withdrawn.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 12
F:\BB\40055 02\PLEADING\remand response.wpd

against Kondos or URSU. When faced with the prospect of not being able to maintain the dismissed action in Cameron County, Plaintiff withdrew his motion to voluntary dismiss and now, for the first time, asserts the need to join two parties to destroy diversity. The timeliness of plaintiff's epiphany to joinder warrants denial of joinder and of remand. *See Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir.1983).

Plaintiff has also failed to assert that his claims against Kondos and URSU, however meritless, would be subject to a statute of limitations affirmative defense if he had to bring a separate action in state court, e.g., Dallas County. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988). Again, this factor does not warrant joinder or remand.

When one weighs all the factors for joinder and remand under § 1447(e), one finds the plaintiff lacking. This Court, therefore, should deny joinder and remand of this action to Cameron County state court.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for remand should be denied.

WHEREFORE, defendant NCC respectfully requests that this Court:

A.    Deny the plaintiffs' motion to remand;

B.    Alternatively, if the Court decides to remand, include within the remand

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 13
F:\BB\40055.02\PLEADING\remand response.wpd

order a condition expressly stating that the remand shall not affect defendant's right to remove the action again if plaintiff tries to avoid the amount in controversy stipulation of less than $75,000, including the prospect of sanctions;

C.    Deny the plaintiff's request for recovery of attorney's fees; and

D.    Grant such other and further relief to NCC as the Court may deem just and proper.

Respectfully submitted,

By: _____

M. Forest Nelson
State Bar No. 14904625
S.D.ID 5934
Burt Barr & Associates, L.L.P.
304 South Record
Dallas, Texas 75202-4793
214/742-8001 (Telephone)
214/741-6744 (Telecopier)

ATTORNEYS FOR NATIONAL CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing defendants' response to plaintiffs' motion for remand was served upon the below counsel of record pursuant to FRCP 5 through regular U.S. Mail on March 26, 2002:

Geoff J. Henley
2205 N. Henderson Ave.
Dallas, Texas 75206-6002

_____

M. Forest Nelson

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
304 S. RECORD
DALLAS, TEXAS 75202

NATIONAL CASUALTY COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR REMAND - Page 14
F:\BB\40055.02\PLEADING\remand response.wpd

# APPENDIX

# THE FIRST REINSURANCE COMPANY OF HARTFORD

## LAWYERS PROFESSIONAL LIABILITY INSURANCE APPLICATION

### THIS APPLICATION IS FOR A CLAIMS MADE INSURANCE POLICY

---

**INSTRUCTIONS**

- ALL QUESTIONS MUST BE ANSWERED COMPLETELY. PLEASE TYPE OR PRINT CLEARLY. IF ANY QUESTIONS ARE CONSIDERED "NOT APPLICABLE," PLEASE EXPLAIN WHY.

- IF YOU NEED MORE SPACE, CONTINUE ON A SEPARATE SHEET AND INDICATE QUESTION NUMBER.

- ENCLOSE COPY OF YOUR FIRM'S LETTERHEAD AND FIRM RESUME.

- COMPLETE INDIVIDUAL INSURED SUPPLEMENT FORM (COMPLETION OF THIS FORM IS MANDATORY.)

- COMPLETE A SEPARATE SUPPLEMENTAL CLAIM FORM FOR ANY CLAIM(S) OF WHICH THE APPLICANT IS AWARE OR IS NOW PENDING. IF THIS SUPPLEMENT DOES NOT APPLY TO THE INSURED, PLEASE MARK N/A (NOT APPLICABLE) AND SIGN AND DATE THE SUPPLEMENT AT THE BOTTOM.

- COMPLETE THE FINANCIAL INSTITUTION AND SEC SUPPLEMENTAL APPLICATION FORM IF YOUR PRACTICE INVOLVES REPRESENTATION OF FINANCIAL INSTITUTIONS OR ANY EXPOSURES TO FEDERAL OR STATE SECURITIES WORK. IF THE FIRM'S PRACTICE DOES NOT INVOLVE FINANCIAL INSTITUTIONS OR SECURITIES WORK, INDICATE THIS ON THE SUPPLEMENTS AND SIGN AND DATE THEM.

- THIS APPLICATION AND ALL SUPPLEMENTAL FORMS MUST BE SIGNED AND DATED BY A PRINCIPAL OF THE FIRM.

---

**INSURED INFORMATION**

1. Name of Applicant: Carol Chapman-Kondos, P.C. dba Kondos & Kondos

   ☐ Individual   ☐ Partnership   ☒ Professional Corporation

2. Address: 1595 North Central Expressway

   City: Richardson   County: Dallas   State: Texas   Zip: 75080

   Telephone ( 972 ) 231-9924   Federal Tax I.D. No.: 75-1956966

3. Date Commenced Business: 1980

4. List the names of all predecessor firms whose assets and liabilities the applicant is the majority successor in interest. Include the dates the predecessor firms were established and the dates of merger.

| Name of Predecessor Firm | Date Established | Date of Merger |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |

5. List the addresses of all branch offices and the dates the branch offices were established:

| Address of Branch Office | Date Established |
|---|---|
| (a) 407 W. Silver Spring Drive, Milwaukee, Wisconsin 55217 | |
| (b) | |
| (c) | |

6. Indicate the total number of personnel by location (match branch office personnel with the branch offices in question 5). Please indicate if a branch office is being used solely as a meeting place and is not staffed.

| | Principal Office | Wisconsin Branch Office (a) | Branch Office (b) | Branch Office (c) |
|---|---|---|---|---|
| Partners or officers | 1 | 1 | | |
| Employed lawyers | 8 | 6 | | |
| Lawyers "of counsel" | 0 | 0 | | |
| Paralegals or law clerks | 16 | 16 | | |
| Other clerical staff | 7 | 7 | | |

**PLEASE COMPLETE THE INDIVIDUAL INSURED SUPPLEMENTAL FORM.**

7. How many lawyers have joined the firm during the past 12 months? ___2___. How many lawyers have left the firm during the past 12 months? ___3___.

8. Has the applicant ever closed a branch office or had a single group departure of 5 or more lawyers during the past three years? ☐ Yes  ☒ No  If Yes, provide full details: _____

9.a. Does any lawyer in the firm serve as a director, officer, trustee or partner of, or exercise any fiduciary control over, any organization other than the firm? ☐ Yes  ☒ No  If Yes, list the lawyer's name, organization, nature of the organization's business, position held and whether or not the organization is a client of the firm.

| Name of Lawyer | Name of Organization | Nature of Business | Position Held | Percent of Equity Interest | Client of Firm? |
|---|---|---|---|---|---|
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |
| | | | | ___% | ☐ Yes ☐ No |

9.b. If question 9.a. is answered Yes, indicate which of the above organizations carry Directors' and Officers' Liability?

_____

10. Except as listed in question 9.a., is the applicant or any lawyer in the firm engaged in any occupation, business enterprise or profession outside the practice of law? ☐ Yes  ☒ No  If Yes, provide full details: _____

## NATURE OF PRACTICE

11. Applicant's fiscal year ends on: <u>December 31</u>
Indicate the gross income for the applicable fiscal year (gross income means all sums billed to clients for services rendered):

a. Actual for immediate past fiscal year:  $ 1,000,000

b. Estimate for current fiscal year:  $ Same

12. Indicate the percentage of gross income for the past fiscal year derived from the following areas of practice:

| Area of Practice | % | Area of Practice | % |
|---|---|---|---|
| Administrative Law – | | Labor Relations – | |
| Banks/Savings and Loan | ____ % | Labor Representation | ____ % |
| Oil and Gas | ____ % | Management Representation | ____ % |
| Public Utilities | ____ % | Litigation (Civil) | ____ % |
| Other | ____ % | Local Government Law | ____ % |
| Admiralty/Maritime | ____ % | Mergers and Acquisitions | ____ % |
| Anti-Trust/Trade Regulation | ____ % | Pension and Employee Benefits | ____ % |
| Bankruptcy | ____ % | Personal Injury and Negligence – | |
| Business Transactions and | | Defendant Representation | ____ % |
| Commercial Law | ____ % | Plaintiff Representation | 90 % |
| Civil Rights and Discrimination | ____ % | Public Contract Law | ____ % |
| Collection/Repossession | ____ % | Real Property – | |
| Communications (FCC) | ____ % | Conveyance | ____ % |
| Construction Law | ____ % | Development | ____ % |
| Copyright/Patent/Trademark | ____ % | Title Examination | ____ % |
| Corporate and Business | | Securities Law * | ____ % |
| Organization | ____ % | Taxation – | |
| Criminal Law | ____ % | Opinions | ____ % |
| Entertainment/Sports | ____ % | Preparation | ____ % |
| Environmental Law | ____ % | Worker's Compensation | ____ % |
| Estate, Trust and Probate | ____ % | Other (list) | |
| Family Law | ____ % | Social Security Disability | 10 % |
| Healthcare | ____ % | _____ | ____ % |
| Immigration and Naturalization | ____ % | _____ | ____ % |
| International Law | ____ % | _____ | ____ % |
| | | TOTAL | 100 % |

**\* PLEASE COMPLETE SEC SUPPLEMENTAL FORM, IF APPLICABLE**

13. Does the applicant foresee any major changes in the percentages shown in question 12. for the current fiscal year? ☐ Yes ☒ No  If Yes, provide full details:

_____

_____

_____

14. List the five largest clients of the applicant in terms of sums billed. Include the nature of the client's business and the area(s) of practice in which applicant renders services (use the categories shown in question 12. to describe area(s) of practice).

| Client | Nature of Business | Area(s) of Practice | % of Firm's Gross Billings |
|---|---|---|---|
| Not applicable to our practice | | | |
| ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ |

15. Does the firm share office space with other firms or attorneys who are not members of the applicant firm? ☐ Yes ☒ No
If Yes, provide an explanation by separate attachment how your firm's practice is presented as a separate practice to clients or potential clients.

16.   Does the applicant or any lawyer in the firm provide investment advisory services or have discretionary investment authority over the funds of any client?  ☐ Yes   ☒ No   If Yes, provide full details: _____

_____

_____

---

**GENERAL POLICY AND PROCEDURES**

(Applicant may elect to provide additional details on a separate sheet in support of a response to any question in this section.)

17.   Docket and Calendar

(a)   Does the firm maintain a planned docket control system and procedure with at least two independent data controls?   ☒ Yes   ☐ No

(b)   Is the docket control system and procedure computerized?   ☒ Yes   ☐ No

(c)   Does the planned docket control system and procedure produce at least a weekly calendar?   ☒ Yes   ☐ No

(d)   Does the planned docket control system and procedure cover all aspects of the firm's practice?   ☒ Yes   ☐ No

(e)   Does the planned docket control system and procedure require lawyers to both calendar and remove from calendar all filing dates?   ☒ Yes   ☐ No

(f)   Are open calendar entries on the planned docket control system and procedure circulated to all lawyers or, if the firm is divided into formal departments, to all lawyers in the appropriate department?   ☒ Yes   ☐ No

18.   Training

(a)   Does the firm maintain a formal training program for new lawyers as to office and court procedure?   ☒ Yes   ☐ No

(b)   How many lawyers in the firm have participated in formal continuing legal education programs of at least seven hours during the last year?   __All__

19.   Supervision

(a)   Is the firm divided into formal departments?   ☒ Yes   ☐ No

(b)   Is a partner of the firm responsible for every matter in the office?   ☒ Yes   ☐ No

(c)   Is the assignment of matters to specific lawyers in the firm subject to approval of the department head for the type of matter involved?   ☒ Yes   ☐ No

20.   New Business

(a)   Does the firm issue engagement or declination letters on all new matters being presented to the firm?   ☒ Yes   ☐ No

(b)   Does the firm outline and reduce to writing the firm's billing policy and procedure at the first meeting with a new client?   ☒ Yes   ☐ No

(c)   Does the firm maintain written procedures for indentifying potential or actual conflicts of interest?   ☒ Yes   ☐ No

(d)   What system(s) does the firm use to check for conflicts of interest?
☐ Oral/Memory   ☐ Index File   ☒ Computer   ☐ Conflict Committee
☐ Other _____

(e)   Is new business subject to the approval of a committee or partner other than the lawyer generating the business?   ☒ Yes   ☐ No

(f)   Is a lawyer generating business required to associate with a partner with specific expertise in the matter generated as the responsible partner for the matter?   ☒ Yes   ☐ No

(g)   Is information as to all new business made available on at least a weekly basis to all partners?   ☒ Yes   ☐ No

21. **Outside Communications**

(a) Do major opinion letters have to be approved by more than one partner of the firm?  N/A  ☐ Yes ☐ No

(b) Does the firm have a committee or partner responsible for approving letters to auditors?  N/A  ☐ Yes ☐ No

(c) Does the firm have any formal, written rules on responding to client's communications?  ☒ Yes ☐ No

(d) Does the firm have any formal, written rules on use of the firm's stationery?  ☒ Yes ☐ No

(e) When a matter is completed does the firm use a termination letter?  ☒ Yes ☐ No

(f) Does the firm advertise their services? If Yes, provide details including a copy of the advertisement or a transcript of the audio. Do not include listing of the firm's name in the telephone book.  ☒ Yes ☐ No
_____

22. **Miscellaneous**

(a) Does the firm have a system requiring complaints by either a client or other counsel to be reviewed by a partner other than the lawyer about whom the complaint is made?  ☒ Yes ☐ No

(b) Does the firm allow its lawyers to practice law outside the firm?  ☐ Yes ☒ No

(c) Does the firm maintain formal, written rules as to lawyer purchases or sales of a client's securities?  N/A  ☐ Yes ☐ No

(d) Does service on a Board of Directors have to be approved by a committee or partner?  ☒ Yes ☐ No

(e) Do suits for collection of fees have to be approved by a committee or partner?  ☒ Yes ☐ No

(f) How many suits for collection of fees have been filed by the firm during the past 2 years?  -0-

(g) Does the firm maintain a fidelity bond covering all employees, partners and officers of the firm? If Yes, please list carrier, limit and expiration date.  _____  ☐ Yes ☒ No

(h) During the past 5 years, has the firm had any fidelity bond loss? If Yes, please describe on separate attachment, including date, type, amount and reimbursement, if any.  ☐ Yes ☒ No

(i) Are custodial accounts (i.e., money, securities and other property held on behalf of clients) audited by an independent, outside auditor? If Yes, please specify name:  ☐ Yes ☒ No

(j) Are two signatures required for all withdrawals of funds from custodial accounts?  ☐ Yes ☒ No

(k) What is the average and maximum dollar amount of all custodial accounts (not including retainer fees)?  AVG: $0  MAX: $_____

---

## CLAIMS AND KNOWN INCIDENTS

23. Has any lawyer in the firm ever been refused admission to practice, disbarred or suspended from practice, or reprimanded, sanctioned or disciplined by any court or administrative agency? ☐ Yes ☒ No  If Yes, provide full details: _____
_____
_____
_____

24. Has any professional liability claim been made against the applicant or any predecessor in business or any of the past or present lawyers in the firm during the past five years? ☐ Yes ☒ No  If Yes, provide full details on a supplemental claim form.

25. After inquiry, does the applicant or any lawyer in the firm know of any circumstances, acts, errors or omissions that could result in a professional liability claim against the applicant or any predecessor in business or any of the past or present lawyers in the firm? ☒ Yes ☐ No  If Yes, provide full details: Please see attached Social Security incident report. _____
_____
_____
_____

---

## PRIOR INSURANCE INFORMATION

26. Has the applicant or any predecessor in business ever had an insurer decline, cancel, refuse to renew or accept only on special terms any professional liability insurance? ☐ Yes ☒ No  If Yes, provide full details: _____
_____
_____

27. Has the applicant or any predecessor in business ever purchased an "extended reporting period" or "discovery period" under a prior policy which extended the claims reporting period of that policy following cancellation or non-renewal? ☐ Yes ☒ No
If Yes, provide full details: _____

_____

_____

28. List the professional liability insurance purchased by the applicant for each of the past five years.

| Insurer | Limit of Liability | Deductible | Premium | Inception Mo/Day/Yr | Expiration Mo/Day/Yr |
|---|---|---|---|---|---|
| First Re of Hartford | $1M/$1M | $10Kpc/$25Kagg | $27,729 | 09/18/98 | 09/18/99 |
| First Re of Hartford | $1M/$1M | $25,000 agg | $34,763 | 09/18/97 | 09/18/98 |
| First Re of Hartford | $1M/$1M | $25,000 agg | $39,088 | 09/18/96 | 09/18/97 |
| Zurich American | $1M/$1M | $25,000 p.c. | | 09/18/95 | 09/18/96 |
| Home | $500K/$1M | $25,000 p.c. | | 09/18/94 | 09/18/95 |

29. Does the applicant's current or most recently expired policy contain a retroactive date? ☐ Yes ☒ No  If Yes, indicate the date: _____
       (Mo/Day/Yr)

---

## CORPORATE SIGNATURE AND AGREEMENTS

### NOTICE TO APPLICANT — PLEASE READ CAREFULLY

30. List the person designated to receive notices from the Insurer if a policy is issued:

Carol Chapman-Kondos _____ Owner
NAME                                                                       TITLE

THIS APPLICATION DOES NOT BIND THE APPLICANT OR INSURER TO COMPLETE THE INSURANCE; HOWEVER, THIS APPLICATION WILL BE THE BASIS OF THE CONTRACT IF A POLICY IS ISSUED, AND IT WILL BE ATTACHED TO AND MADE A PART OF THE POLICY.

THE UNDERSIGNED PARTNER OR OFFICER, ACTING ON BEHALF OF THE APPLICANT AND ALL PERSONS PROPOSED FOR THIS INSURANCE, REPRESENTS THAT ALL STATEMENTS ON OR ATTACHED TO THIS APPLICATION ARE TRUE. THE UNDERSIGNED PARTNER OR OFFICER AGREES THAT IF ANY OF THE INFORMATION SUPPLIED ON OR ATTACHED TO THIS APPLICATION CHANGES BETWEEN THE DATE OF THE APPLICATION AND THE EFFECTIVE DATE OF THE POLICY APPLIED FOR, THE UNDERSIGNED PARTNER OR OFFICER WILL IMMEDIATELY NOTIFY THE INSURER OF SUCH CHANGES AND THE INSURER SHALL HAVE THE RIGHT TO WITHDRAW OR MODIFY ANY OUTSTANDING QUOTATIONS AND/OR AUTHORIZATION OR AGREEMENT TO BIND THE INSURANCE.

THE UNDERSIGNED PARTNER OR OFFICER, ACTING ON BEHALF OF THE APPLICANT AND ALL PERSONS PROPOSED FOR THIS INSURANCE, AGREES THAT FEES, COSTS AND EXPENSES INCURRED IN THE DEFENSE AND SETTLEMENT OF CLAIMS SHALL BE INCLUDED IN ANY DEDUCTIBLE (RETENTION).

WARNING–New York Residents: Any person who, knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed $5,000, and the stated value of the claim for each such violation.

FRAUD PREVENTION WARNING: Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

THIS APPLICATION MUST BE SIGNED AND DATED BY OWNER, PARTNER OR OFFICER.

_Carol Kondos_ _____ _President_
SIGNATURE OF APPLICANT                                      TITLE

_CARL J. KONDOS_ _____ _7-22-99_
PRINT NAME                                                             DATE

PLEASE MAKE CERTAIN ALL QUESTIONS ARE ANSWERED AND THAT ALL APPLICABLE SUPPLEMENTAL FORMS ARE COMPLETED. THIS APPLICATION WILL NOT BE PROCESSED UNLESS ALL QUESTIONS ON THIS APPLICATION AND APPLICABLE SUPPLEMENTAL FORMS ARE ANSWERED.

# THE FIRST REINSURANCE COMPANY OF HARTFORD

### LAWYERS PROFESSIONAL LIABILITY INSURANCE
### INDIVIDUAL INSURED SUPPLEMENT FORM

Name of Applicant  Carol Chapman-Kondos, P.C. dba Kondos & Kondos          (TEXAS OFFICE)

NAME OF ALL OWNERS, PARTNERS, OFFICERS, DIRECTORS, STOCKHOLDER EMPLOYEES AND EMPLOYED LAWYERS:

Designations:  "O"  Officers, Directors or Shareholders of the corporation who are licensed lawyers
           "P"  Partners of a partnership
           "S"  Sole Proprietor
           "E"  Employed lawyers (must be employee of applicant)
           "C"  Of Counsel attorneys for whom coverage is desired
           "A"  Associate for whom coverage is desired

| | Lawyer's Name | Designation O, P, S, E, C or A | Year Admitted to Bar Mo/Year | Years in Practice | Lawyer's Individual Specialty | Member in good standing of the following Bar Association(s) |
|---|---|---|---|---|---|---|
| 1. | Carol C. Kondos | O | 1980 | 19 | 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 | Dot 1980 |
| 2. | Anjel Avant | E | 1991 | 8 | 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 | 8/31/92 |
| 3. | D. Clare Lawler | E | 1986 | 13 | 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 | 8/86 |
| 4. | Wm. E. Robbins | E | 1987 | 12 | 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 | 9/1/87 |
| 5. | Robt. Jay Nussbaum | E | 1995 | 4 | 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 | 10/16/95 |
| 6. | Sally J. Robbins | E | 1996 | 3 | 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 | 3/11/96 |
| 7. | Timothy I. O'Hare | E | 1996 | 3 | 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 | 4/24/97 |
| 8. | Hilary L. Thomas | E | 1994 | 4 | 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 | 8/01/97 |
| 9. | Kristi Parks | E | 1993 | 6 | 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 | 8/17/98 |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |
| 21. | | | | | | |
| 22. | | | | | | |
| 24. | | | | | | |
| 25. | | | | | | |

# THE FIRST REINSURANCE COMPANY OF HARTFORD

## LAWYERS PROFESSIONAL LIABILITY INSURANCE
### INDIVIDUAL INSURED SUPPLEMENT FORM

Name of Applicant   Carol Chapman-Kondos, P.C. dba Kondos & Kondos          (WISCONSIN OFFICE)

NAME OF ALL OWNERS, PARTNERS, OFFICERS, DIRECTORS, STOCKHOLDER EMPLOYEES AND EMPLOYED LAWYERS:

Designations:  "O"   Officers, Directors or Shareholders of the corporation who are licensed lawyers
          "P"   Partners of a partnership
          "S"   Sole Proprietor
          "E"   Employed lawyers (must be employee of applicant)
          "C"   Of Counsel attorneys for whom coverage is desired
          "A"   Associate for whom coverage is desired

| | Lawyer's Name | Designation O, P, S, E, C or A | Year Admitted to Bar Mo/Year | Years in Practice | Lawyer's Individual Specialty | Member in good standing of the following Bar Association(s) |
|---|---|---|---|---|---|---|
| 1. | Daniel P. Kondos | O | 1973 | 26 | 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 | 1984 |
| 2. | Jeffrey T. Clutts | E | 1866 | 11 | 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 | 10/90 |
| 3. | Robert B. Erdmann | E | 1986 | 13 | 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 | 8/89 |
| 4. | Michael D. Leffler | E | 1988 | 11 | 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 | 10/89 |
| 5. | James Shilobritt | E | 1988 | 11 | 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 | 4/89 |
| 6. | Steven C. Gabert | E | 1986 | 13 | 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 | 3/15/90 |
| 7. | Randal Rozek | E | 1996 | 3 | 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 | 9/14/98 |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |
| 21. | | | | | | |
| 22. | | | | | | |
| 24. | | | | | | |
| 25. | | | | | | |

# National Casualty Company

Property/Casualty Division

P.O. Box 4110 • Scottsdale, Arizona 85261 • (602) 948-0505 • Fax (602) 483-6752

---

## ADDITIONAL INFORMATION SUPPLEMENT

A. Provide a listing of all attorneys, the date they began private practice and the date they began practicing with the Firm. Indicate if any are "Of Counsel."

B. Does (or has) the Firm or any member of the Firm during the past 36 months:

  1. Have discretionary investment authority over client funds?...................................................... ☐ Yes  ☒ No

  2. Act in the capacity of or with the title "trustee" for a client and as such actively operate, manage or control any business property, business or institution in a manner similar to an owner, officer, director, partner or shareholder? ..................................................................................................... ☐ Yes  ☒ No
  *If yes to any of the above, please complete the Fiduciary Activities Supplement.*

C. 1. Does the Firm have established administrative procedures for managing each step of a client matter? ................................................................................................................................. ☒ Yes  ☐ No
   If yes, are they in writing?..................................................................................................... ☒ Yes  ☐ No

D. New Matters/New Client Acceptance

  1. Does the Firm use an initial interview form that provides for designation of conflict of interest information and key diary dates? ................................................................................ ☒ Yes  ☐ No

  2. Is a client or new client matter accepted only after a conflict of interest search has been completed?.................................................................................................................................... ☒ Yes  ☐ No

  3. Has the firm established criteria for screening the types of clients the office will not represent? ...... ☒ Yes  ☐ No

E. Client Communication

  Please indicate which of the following documents are used:

  ☒ Engagement or retainer agreement letter on all new client engagements. (If not used, please explain).
  ☒ Termination letters to finalize or terminate a client relationship.
  ☒ Non-representation letters when declining a new matter for on-going clients or the declination of representation to prospective clients.

F. Conflicts of Interest Systems

  How does the Firm retain Conflict of Interest Avoidance Information?
  ☒ Single Index Files    ☐ Multiple Index Files    ☒ Computer    ☐ Other (explain): _____

---

G. Diary System and Docket Control

  Does the Firm maintain a planned docket control system and procedure with at least two independent date controls?
  Please describe two:  _computer  +  manual  calendars_

H. Peer Review and Supervision

  1. Does the Firm have a procedure for formalized peer review? ......................................... ☐ Yes  ☒ No
   If yes, frequency: _____

  2. Are associates for the Firm subject to formalized review?................................................. ☒ Yes  ☐ No
   If yes, frequency: _____

  3. Is a principal in the Firm ultimately responsible for every matter in the office?................................. ☒ Yes  ☐ No

I. Complete a Supplemental Claim Information form for each claim or incident in the last five (5) years. If there have been any disciplinary complaints against any firm member in the last five (5) years, please provide full details on a separate sheet.

_____                    7-8-99
SIGNATURE                                          DATE

# National Casualty Company

Home Office:
2000 Westwood Drive · Wausau, Wisconsin 54401

Property/Casualty Division:
8877 North Gainey Center Drive · Scottsdale, Arizona 85258

1-800-423-7675 (outside Arizona)

## Year 2000 Supplemental Application
## Lawyers Professional Liability Application

NOTE: This Supplement should be completed based on data obtained from inquiry of key personnel in charge of Your data processing, management information and other systems.

For the purposes of this Supplement to the Application and the subsequent policy, if issued, the term "Y2K Compliant" shall mean that all:

1. computer hardware, including microprocessors;
2. computer application software;
3. computer operating systems and related software;
4. computer networks;
5. microprocessors (computer chips) not part of any computer system; or
6. any other computerized or electronic equipment or components

have the ability to recognize and process data prior to, during and after 1/1/2000 without date related errors and without date related omissions including leap year calculation.

### IMPORTANT—PLEASE ANSWER THE FOLLOWING QUESTIONS:

1. Are all of your computer systems Y2K Compliant?    ☐ Yes    ☒ No
   If No, please explain, including date compliance is expected: _9 – 1 – 99_ _____
   _____
   _____
   _____
   _____

2. If you are not Y2K Compliant, do you have an executable contingency plan in place which would allow you to continue to operate should you experience a failure in a critical system?    ☒ Yes    ☐ No
   If No, please explain: _____
   _____
   _____
   _____
   _____

3. Have you assessed the vendors of your firm about their Y2K Compliance?    ☒ Yes    ☐ No    Do you have an executable contingency plan in place which would allow you to continue to operate should a critical vendor, supplier or business partner fail as a result of a Y2K problem?    ☒ Yes    ☐ No
   If No, please explain: _____
   _____
   _____
   _____
   _____

Please see back—signature required.

LP-APP-1q (10-98)

4. Do you provide legal advice or counsel your clients regarding their compliance with Y2K issues?   ☐ Yes   ☒ No
   If Yes, please explain: _____
   _____
   _____
   _____
   _____
   _____

The above information is based upon data obtained from inquiry of key personnel in charge of Your data processing, management information and other systems.

This Year 2000 Supplement is attached to and form a part of the Lawyers Professional Liability Application and/or Renewal Application. It is subject to the same provisions concerning representations made as in the basic Application and/or Renewal Application.

### FRAUD WARNING

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Carol Chapman-Kondos, P.C. dba Kondos & Kondos
FIRM NAME

_____   7-8-99
SIGNATURE (Officer, Director, Partner, Sole Proprietor)      DATE

**Applicable to Florida Agents Only:**

Agent Name: _____

Agent License Number: _____

12

CAUSE NO. _____ OD-7579

| | | |
|---|---|---|
| LUCY SMITH AND MICHAEL SMITH | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| KONDOS & KONDOS, DANIEL P. | § | |
| KONDOS INDIVIDUALLY AND | § | DALLAS COUNTY, TEXAS |
| DANIEL P. KONDOS, S.C., CAROL | § | |
| C. KONDOS INDIVIDUALLY AND CAROL | § | |
| C. KONDOS, P.C., WILLIAM E. ROBBINS, | § | |
| ANJEL K. AVANT-BENTON, ROBERT J. | § | B-44th |
| NUSSBAUM, AND ARMANDO ROBERT | § | |
| VILLALOBOS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Lucy Smith and Michael Smith (hereinafter "Plaintiffs"), and files this their Original Petition complaining of Kondos & Kondos, Daniel P. Kondos, Individually and Daniel P. Kondos, S.C., Carol C. Kondos, Individually and Carol C. Kondos, P.C., William E. Robbins, Anjel K. Avant-Benton, Robert J. Nussbaum and Armando Robert Villalobos, (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3 of the Texas Rule of Civil Procedure 190.

## II.
## VENUE AND JURISDICTION

2.      The Court has jurisdiction over each Defendant because each corporate Defendant does business in Texas and each individual Defendant is a Texas resident. The Court has jurisdiction of the controversy because the damages sought are within the jurisdictional limits of the Court.

3.      Venue is proper in Dallas County pursuant to Texas Civil Practice and Remedies Code, § 15.002, because a substantial part of the cause of action occurred in Dallas County.

13

## III.
## PARTIES

4.      Plaintiffs, Lucy Smith and Michael Smith, are individuals residing in Grandbury, Hood County, Texas.

5.      Defendant Kondos & Kondos (hereinafter "KONDOS") is a partnership engaged in the practice of law in Dallas, Dallas County, Texas and can be served with process by serving Carol C. Kondos, president of Carol C. Kondos, P.C., a partner of Kondos & Kondos, at 1595 North Central Expressway, Richardson, Texas 75080-3590.

6.      Defendant Daniel P. Kondos (hereinafter "D. KONDOS") is a resident of Dallas, Dallas County, Texas and can be served with process at his business address of 1595 North Central Expressway, Richardson, Texas 75080-3590.

7.      Defendant Daniel P. Kondos, S.C. (hereinafter "D. KONDOS, S.C.") is a foreign corporation authorized to do business in Texas and may be served by serving its president Daniel P. Kondos at his business address of 1595 North Central Expressway, Richardson, Texas 75080-3590.

8.      Defendant Carol C. Kondos (hereinafter "C. KONDOS") is a resident of Dallas, Dallas County, Texas and can be served with process at her business address of 1595 North Central Expressway, Richardson, Texas 75080-3590.

9.      Defendant Carol C. Kondos, P.C. (hereinafter "C. KONDOS, P.C.") is a Texas corporation and may be served by serving its president Carol C. Kondos at her business address of 1595 North Central Expressway, Richardson, Texas 75080-3590.

10.      Defendant William R. Robbins (hereinafter "ROBBINS") is a resident of Dallas, Dallas County, Texas and can be served with process at 1595 North Central Expressway, Richardson, Texas 75080-3590.

11.      Defendant Anjei K. Avant-Benton (hereinafter "BENTON") is a resident of Dallas,

Dallas County, Texas and can be served with process at 1595 North Central Expressway, Richardson, Texas 75080-3590.

12.     Defendant Robert J. Nussbaum (hereinafter "NUSSBAUM"), is a resident of Dallas, Dallas County, Texas and can be served with process at 1595 North Central Expressway, Richardson, Texas 75080-3590.

13.     Defendant Armando Robert Villalobos (hereinafter "VILLALOBOS") is a resident of Brownsville, Cameron County, Texas and can be served with process at 974 E. Harrison, Brownsville, Texas 78520.

## IV.
## CONDITIONS PRECEDENT

14.     Defendants were given notice in writing of the claims made in this Petition including a statement of Plaintiffs' actual damages and expenses, including attorney's fees, more than sixty (60) days before this suit was filed, or as many days as were available before the statute of limitations might be argued to have elapsed with respect to a certain claim, in the manner and form required by the Deceptive Trade Practices - Consumer Protection Act § 17.505(a)   All conditions precedent to Plaintiffs' recovery under all causes of action set forth herein, including presentment at least 30 days before suit was filed, have been performed or have occurred.

## V.
## FACTUAL BACKGROUND

15.     On or about July 20, 1997, Plaintiff Lucy Smith was a passenger in her 1990 Chevrolet Silverado pick-up truck traveling on Peveler Court, in the city of Granbury, Hood County, Texas. The vehicle was being driven by Randy Smith. The vehicle was violently and unexpectedly struck in the rear by a 1998 Dodge Ram pick-up truck owned by H.C. Smith Construction, Inc. and driven by Chance Christopher Smith, who was also traveling on Peveler Court (the "accident")

16.    Lucy Smith attempted to work with the drivers of the vehicles involved in the accident, Chance Smith and Randy Smith, and their respective insurance companies, Allstate, as well as her own insurer, Republic Insurance Company. However, because of the injuries sustained in the accident, Lucy Smith was not able to comprehensively handle the necessary dealings with the insurance companies and as well as attend to her own medical care. After considering the hiring of a law firm and making several inquiries before making the choice of a firm, she called KONDOS to secure legal representation. She spoke with VILLALOBOS, an employee/associate of KONDOS.

17.    On or about September 27, 1997, VILLALOBOS came to the Smiths' home in Grandbury, Texas in order to complete the details of the retention of KONDOS to represent the Smiths regarding the accident. VILLALOBOS interviewed Lucy Smith regarding the facts of the accident. He advised Lucy Smith that the contingency fee contract which he was proposing to Lucy Smith had three levels of compensation for the lawyer and/or law firm involved in her representation. He suggested that the lowest contingency fee was based on his representation of the Smiths without the substantial involvement of the staff and/or other attorneys at KONDOS. The Smiths were convinced that even at the lowest level of compensation, they had retained KONDOS and that VILLALOBOS would have access to the staff and other lawyers at KONDOS. VILLALOBOS advised Lucy Smith that the fee would be 25%, if he handled cased without additional lawyers from Kondos, or 33% with additional lawyers and in either case, 40% if a lawsuit was filed. Lucy Smith signed what she believed was a contingent fee contract with KONDOS (*Attachment A*).

18.    VILLALOBOS began a lawyer and client relationship with the Smiths. He attempted to secure medical assistance, and healthcare providers to examine and treat Lucy Smith. His efforts were ineffective and incomplete, such that Lucy Smith's medical care was delayed for several months, namely, from September through December of 1997.

19.    VILLALOBOS withdrew Lucy Smith from treatment by the healthcare practitioners that had been providing medical treatment to her since shortly after the date of the accident. VILLALOBOS actually encouraged Lucy Smith to rent a motel room in Tarrant County so that she could be treated at John Peter Smith Hospital without incurring the need for Lucy Smith to show medical insurance coverage and/or the need for VILLALOBOS to extend a letter of protection. Such letter of protection would be requested by the healthcare providers who were capable of performing the cervical spine surgery, which had already been diagnosed and recommended. He directed Lucy Smith to physicians in Fort Worth who were not acting in the best interest of Lucy Smith, but rather, were acting in the interest of VILLALOBOS. As a result, Lucy Smith's medical treatment was delayed from September through December of 1997.

20.    After a short period of time, the Smiths became concerned about the substance and nature of the representation being provided by VILLALOBOS. Lucy Smith called KONDOS and discussed the matter with ROBBINS, an employee/associate of KONDOS, who denied any knowledge of Lucy Smith and/or her representation by KONDOS. Thereafter, NUSSBAUM, an employee/associate of KONDOS traveled to the Smiths' home in order to discuss the matter with Lucy Smith. On November 26, 1997, after a discussion of the relationship with VILLALOBOS, NUSSBAUM, on behalf of KONDOS, secured the signature of Lucy Smith on a contingency fee contract. *(Attachment B)*. Sixteen months later, NUSSBAUM forwarded a contract for the signature of Michael Smith. It is believed that KONDOS terminated VILLALOBOS on or about December 1, 1997. *(Attachment C)*.

21.    This period of time with VILLALOBOS caused Lucy Smith to endure pain and suffering as the result of her continuing, substantial medical condition. The medical condition caused a substantial impairment and disability. In addition, the relationship with VILLALOBOS

caused great anxiety and insecurity within Lucy Smith and caused a substantial interference with the family relationship between Lucy and Michael Smith.

22.    KONDOS, primarily through BENTON, handled the representation of Lucy Smith, after KONDOS alleged that VILLALOBOS was acting on his own behalf rather than the KONDOS firm. The KONDOS firm filed suit on behalf of Lucy and Mike Smith and participated in the deposition of the parties to the accident. Lucy Smith was not able to endure such a long deposition, but she was made to do so by KONDOS.

23.    Lucy Smith underwent a triple fusion in her cervical spine, on July 2, 1998, at Tri-City Hospital, in Mesquite, Dallas County, Texas.

24.    During the pendency of the Smiths' claims, KONDOS filed a grievance against VILLALOBOS in April of 1998. KONDOS and ROBBINS caused Lucy Smith to sign a document ostensibly to waive the attorney/client privilege, so that KONDOS could proceed for its own interest in the grievance against VILLALOBOS. KONDOS also filed a lawsuit against VILLALOBOS. KONDOS allegedly settled this lawsuit for $10,000.00. KONDOS did not discuss this lawsuit with the Smiths nor did they even provide them notice that such lawsuit was commenced and/or settled.

25.    The accident case was eventually set for mediation. Mediation was scheduled to be held on March 10, 2000. Mediation lasted from 11:00 a.m. to approximately 6:00 p.m. in the evening. BENTON was late to the mediation. When questioned by the Smiths as to why she was late, she said something to the effect that she had been present at another mediation and that she was in the process of selling her home. NUSSBAUM, although present, seemed more interested in communicating about the fact that ROBBINS and another attorney had purchased a new drinking establishment. When the Smiths questioned NUSSBAUM and BENTON regarding the amount of insurance coverage available, BENTON replied that she was not aware of the total insurance

18

coverage available for this accident.   The last two hours of the mediation Lucy Smith was in such severe pain that it was difficult for her to concentrate on the proceedings and/or the attorney-client discussions. KONDOS, NUSSBAUM and BENTON continued the mediation even though it was not in the best interest of their clients. The KONDOS firm, NUSSBAUM and BENTON settled the case at the mediation for $97,500.00.

26.     Because Chance Smith and Randy Smith were driving vehicles other than their own, there was more than two insurance polices available to pay for the injuries with respect to the liability of those two drivers. Randy Smith, the driver of Lucy Smith's vehicle, was covered by Allstate Insurance Company under a policy written on his own personal vehicle. Randy Smith also had coverage by virtue of driving the vehicle owned by Lucy Smith, which was an insured vehicle on a policy written by Republic Insurance Company. Chance Smith, the driver of the vehicle which rear-ended the vehicle occupied by Lucy Smith, was covered by a policy purchased by his father, Randy Smith, with Allstate Insurance Company. Chance Smith had additional coverage under the insurance policy through Allstate Insurance Company written on the company vehicle that he was driving. The total policy proceeds available to Lucy and Michael Smith for the injuries sustained in this accident was well in excess of $100,000.00, based on these policies. The amount of policy proceeds was substantially larger than the amount for which KONDOS settled the Smiths' claims in the accident lawsuit. A reasonable and prudent attorney, acting in the best interest of their client, would have settled the lawsuit for a substantially larger amount than what KONDOS accepted.

27.     At the mediation, NUSSBAUM and BENTON misrepresented to the Smiths that the $97,500.00 settlement did not include a release of the claim against Lucy Smith's insurance carrier for the underinsured motorist ("UIM") coverage. NUSSBAUM and BENTON advised Lucy Smith that a UIM claim would be filed after the mediation on Monday, March 13, 2000. After the Smiths

had entered into the settlement agreement with the drivers of the vehicles, the Smiths were informed by Lucy Smith's carrier that no such underinsured motorist claim could be made because her carrier was released as part of the settlement reached during the mediation.

28.     As part of the final accounting to Lucy and Michael Smith, KONDOS provided a check in the amount of $30,998.00, which was $1,195.00 less than the amount of which the Smiths were advised during the mediation they would receive as their portion of the settlement proceeds.

## VI.
## NATURE OF THE CLAIMS AGAINST VILLALOBOS

29.     VILLALOBOS, as an associate and/or employee of KONDOS, failed to use ordinary care in the representation of Lucy and Michael Smith as a reasonably prudent practitioner would do under the same or similar circumstances.   Such failure was a proximate cause of the damages incurred by the Smiths.

30.     VILLALOBOS expressly represented that he was an employee and/or associate of KONDOS and that he was there to handle the details of the retention of KONDOS, as the lawyer to pursue the claims of the Smiths against Randy and Chance Smith. However, VILLALOBOS negotiated a contract for legal representation which allegedly was on his own behalf rather than that of KONDOS. The Smiths would not have entered into a contractual relationship for legal representation with VILLALOBOS and/or the contract for representation would not have been entered into by the Smiths, if they had been fully aware of the misrepresentations and/or omissions made by VILLALOBOS.

31.     VILLALOBOS by engaging in the practice of law and negotiating a contingent fee contract for the representation of the Smiths, impliedly represented that he possessed the requisite degree of skill, learning, experience and ability necessary to handle the Smiths' case. VILLALOBOS also represented that he would use his best judgment in pursing the claims of the Smiths arising out

of the accident.

32.     VILLALOBOS, whether he entered into a contingent fee contract for KONDOS or for himself, had a fiduciary duty to the Smiths in this case. The various conduct of VILLALOBOS as alleged herein, was a breach of that fiduciary duty and each such breach has caused injury to the Smiths.                                           VII.

## NATURE OF THE CLAIMS AGAINST KONDOS REGARDING VILLALOBOS

33.     KONDOS, for all the profit it makes in providing legal representation, was not willing to spend any of its own money in the most minimal investigation of the background of its employee applicants. In this case, multiple individuals and companies were placed at risk, as a result of KONDOS' conduct. KONDOS knew or should have known that there was substantial risk in placing a person in a position of responsibility and knowledge regarding the property and lives of individuals.

34.     Defendant KONDOS made available an individual for the representation of the Smiths, when in fact, that individual previously had been accused of soliciting business away from his employer.    Kondos failed to do the most minimal background check prior to hiring attorneys/employees, including VILLALOBOS. KONDOS' hiring process failed to eliminate those with backgrounds which would indicate their lack of suitability for the legal business.

35.     The meeting between VILLALOBOS and the Smiths, as well as the resulting injuries and damages to Plaintiffs, were proximately caused by one or more acts of negligence on the part of KONDOS and the other Defendant(s) in this case. The Defendant(s) were negligent in that the Defendant(s) owed a duty to the Plaintiffs to provide proper legal services through a properly qualified attorney

36.     The Defendant(s) had a continuing non-delegable duty to insure that the obligations of KONDOS under the laws of the State of Texas were properly carried out by a qualified and competent individual. Defendant(s) failed to carry out their non-delegable duty to the Smiths.

37.     The acts and omissions of the Defendant(s) that were negligence include, but not

limited to Defendant(s)' failure to:

    a.    select competent attorneys to properly manage and handle personal injury claims, such as that of the Plaintiffs;

    b.    select competent attorneys to properly instruct and train new employees for their job and the scope of their responsibility not only to the Plaintiffs, but also to KONDOS;

    c.    observe, correct and insure the responsible and adequate handling of personal injury claims; and

    d.    use administrative controls regarding the management of cases, so as to prevent the alleged conduct of VILLALOBOS.

38.    The Defendant(s) are liable to the Plaintiffs for the negligent acts and/or omissions of its agents and employees, in their capacity as the employer and/or supervising attorney of VILLALOBOS, which caused or contributed to the cause Plaintiffs' injuries.

## VIII.
## NATURE OF CLAIMS AGAINST KONDOS
## REGARDING THE HANDLING OF THE SMITH'S CLAIM

39.    KONDOS and the associates and/or employees of KONDOS, failed to use ordinary care in the representation of Lucy and Michael Smith as a reasonably prudent practitioner would do under the same or similar circumstances. Such failure was a proximate cause of the damages incurred by the Smiths.

40.    KONDOS expressly represented that VILLALOBOS was an employee and/or associate of KONDOS. However, VILLALOBOS negotiated a contract for legal representation which allegedly was on his own behalf, rather than that of KONDOS. The Smiths would not have entered into a contractual relationship for legal representation with VILLALOBOS and/or the

to the Plaintiffs the duty of possessing and using that degree of learning and skill ordinarily possessed and used by other attorney specialists of good standing in the same area of practice under the same circumstances.

## X.
## TEXAS DECEPTIVE TRADE PRACTICES -
## CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

47.    This suit is also brought pursuant to the Texas Deceptive Trade Practices - Consumer Protection Act (commonly known as "DTPA") as found in the TEX. BUS. & COM. CODE ANN. § 17.41 *et seq.* At all times pertinent to Plaintiffs' cause of action, Plaintiffs were a "consumer" as defined in § 17.45(4) of the DTPA.

48.    Plaintiffs relied upon the representations made by Defendant(s) regarding the quality and quantity of service provided by Defendant(s). Each and every one of the representations by the Defendant(s), as set forth herein, concerned material facts. Plaintiffs would not have entered into a contingent fee contract with Defendant(s) had Plaintiffs known about the falsity of any of the representations. Each and every one of the representations was relied upon by Plaintiffs causing Plaintiffs substantial injury and damage as described herein.

49.    Such acts an practices by Defendant(s) as described herein, constitutes false, misleading and deceptive acts in violation of the provisions of the DTPA. The actions, practices, statements, representations, warranties, omissions to act and failures to disclose, as set forth herein, constitute *per se* violations of the DTPA, including but not limited to the following specific sections:

(a)    Representing that goods or services have...characteristics...uses, benefits,...which they do not have...;

(b)    Representing that goods or services are of a particular standard, grade or quality,...which they do not have;

(c)    Breach of warranty;

(d)    Unconscionable action and course of action by any person; and,

(e)    Failing to disclose information which was known to Defendant(s).

50.     Plaintiffs would further show that the misconduct of the Defendant(s), as outlined above, was committed knowingly. Defendant(s) had actual awareness of the falsity, deception and unfairness of the acts and practices, and Defendant(s) had actual awareness of the acts constituting the breaches of the warranty as set out in this petition. Furthermore, the acts, omissions, representations and breaches were a producing cause of Plaintiffs' actual, incidental and consequential damages, which are in excess of the minimum jurisdictional limits of this Court. Because of the conduct of the Defendant(s), as outlined above. Plaintiffs are entitled to the recovery of their actual damages, together with court costs, attorney's fees, interest thereon, twice the damages that do not exceed $1,000.00 and up to treble the damages as allowed by Section 17.50(b) of the DTPA.

51.     Further, said acts, omissions, representations and warranties were committed knowingly by Defendant(s) and were willful, malicious, fraudulent, deceitful, deceptive and unconscionable, and Plaintiffs should be awarded such exemplary and/or punitive damages as a result of Defendant(s)' conduct, which in the opinion of the jury, is necessary to punish the Defendant(s) and deter similar conduct by Defendant(s) and others.

## XI.
## MISREPRESENTATION/FRAUD AGAINST ALL DEFENDANTS

52.     Plaintiffs plead a cause of action grounded upon the common law of misrepresentation and fraud as recognized in the State of Texas and allege that the misrepresentations, fraud, fraud in the inducement and failures to disclose by the Defendant(s), as stated above, were a proximate cause of actual damages to Plaintiffs. Plaintiffs allege that Defendant(s) failed to disclose material facts about which Defendant(s) possessed far greater knowledge than Plaintiffs. Defendant(s) made representations which were false at the time they were made. Defendant(s) either knew the representations were false or they were made by Defendant(s) recklessly, without regard to the truth of the matter stated. And, the representations were relied upon by Plaintiffs to Plaintiffs' detriment.

53.     Plaintiffs further allege that such misleading, false misrepresentations and failures

the above-listed causes of action, for at least the aforesaid damages, plus treble that amount under the DTPA, as alleged herein. Plaintiffs' also seek punitive damages.

## XIV.
## ATTORNEY'S FEES

57.      As a result of Defendants' acts, conduct and/or practices, Plaintiffs were required to secure the services of the undersigned attorney to preserve and protect their rights concerning the claims described herein. Plaintiffs are entitled to recover reasonable attorney's fees from the Defendants.

## XV.
## STATUTORY INTEREST

58.      Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law: (a) accruing from a date beginning 180 days after the date the Defendant received written notice of this claim or on the date of filing suit, whichever occurred first, until the time judgment against Defendant is rendered and (b) after judgment until same is paid.

## XVI.
## CORPORATE ACTS

59.      When it is alleged that Defendant(s) did any act or failed to act or engage in a course of conduct, it is meant that a corporation, a partnership and/or other entity acts through its agents, employees or representatives.

60.      The acts and omissions made the basis of this lawsuit were authorized, committed and/or ratified by one or more of the employees, agents, vice principals and/or managerial personnel of the Defendant(s) acting within the general scope of their employment, or actual or apparent authority, on behalf of the Defendant(s), for which acts and omissions Defendant(s) is vicariously liable.

## XVII.
## RIGHT TO PLEAD FURTHER

61.      Plaintiffs reserve the right to plead further, once discovery has been undertaken.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and that upon trial of this cause, Plaintiffs have judgment against Defendants for actual damages, exemplary and/or punitive damages, attorney's fees, prejudgment and post-judgment interest on such amounts at the maximum legal rate, costs of court and for such other and further relief, at law or in equity, both general and specific, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

BERNARD A. GUERRINI, P.C.

By:    Bernard A. Guerrini
        State Bar No. 08581700
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel:    214-692-6556
Fax:    214-692-6578

**ATTORNEYS FOR PLAINTIFFS**



## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.



| SIGNATURE | | |
|---|---|---|
| *Tuila Gore* | | |
| NAME **KENT C. CARTER** | | DATE 3-5-02 |
| TITLE Regional Director | | |

NAME AND ADDRESS OF DEPOSITORY
Office of Regional Records Services
Southwest Region
501 W. Felix St., Bldg. 1
Fort Worth, TX 76115

NA FORM 13040 (10-86)

27

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
FILED

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

NOV 1 5 1999

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEBTOR | § | |

| | | |
|---|---|---|
| CAROL CHAPMAN-KONDOS, P.C. | § | |
| D/b/a KONDOS & KONDOS | § | |
| PLAINTIFF | § | |
| VS. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEFENDANT | § | |

## SETTLEMENT AND RELEASE AGREEMENT

For and in consideration of the following, CAROL CHAPMAN-KONDOS, P.C.,

agrees to drop any and all claims it has or may have against ARMANDO R.

VILLALOBOS that have been raised or could have been raised, in connection with Mr.

Villalobos' employment at Kondos & Kondos Law Offices, in this adversary proceeding

and in the related state action, Cause No. 97-10780-I, pending in the 162nd Judicial

District Court, Dallas County, Texas, adequacy of such consideration is hereby expressly

acknowledged and confessed.

In consideration of Carol Chapman-Kondos' agreement to enter into this

settlement agreement and to not pursue its claims as outlined above, ARMANDO R.

VILLALOBOS agrees to pay to CAROL CHAPMAN-KONDOS, P.C., seven-hundred

dollars ($700.00) on or before October 29, 1999, another six-hundred dollars ($600.00)

on or before November 20, 1999, and then three-hundred dollars ($300.00) per month for

the next 34 months, with the first payment due no later than December 20, 1999 and the

last payment due no later than September 20, 2002. The parties further agree that

Settlement and Release Agreement – Page 1

28

ARMANDO R. VILLALOBOS may, at any point during the next 30 months, pay to CAROL CHAPMAN-KONDOS, P.C., the present value of the remaining future payments at a ten-percent per annum discount rate, less one-thousand ($1,000.00) as an "early payment" bonus.

ARMANDO R. VILLALOBOS and CAROL CHAPMAN-KONDOS, P.C., further agree to release, drop and hold each other harmless for any and all claims that they may have against each other, concerning Mr. Villalobos' employment with Kondos & Kondos Law Offices, or any issue raised or that could have been raised in this cause of action or the related state proceeding, including any claim or award for sanctions, costs, or attorneys' fees. Further ARMANDO R. VILLALOBOS agrees not to pursue collection of any such award, in consideration for CAROL CHAPMAN-KONDOS, P.C.'s agreement to enter into this settlement agreement and to withdraw its appeal of the two-thousand dollar sanctions awarded against CAROL CHAPMAN-KONDOS, P.C., and in favor of ARMANDO R. VILLALOBOS for an alleged violation of the automatic stay in filing the state proceeding, which was entered by this Court on May 31, 1999.

ARMANDO R. VILLALOBOS and CAROL CHAPMAN-KONDOS, P.C., individually, shareholders, stockholders, owners, partners and their heirs, executors, administrators, estate, legal representatives, and assigns (hereinafter "RELEASING PARTIES") do hereby fully, finally and completely release, compromise, settle and forever discharge each other, their agents, servants, legal representatives, employees (past and present), and assigns (hereinafter "RELEASED PARTIES"), of and from all liens, claims, debts, demands, malpractice or bad faith claims and allegations, causes of action, lawsuits, expenses, contracts, agreements, judgments and liabilities of whatsoever or of

whatsoever kind, both in law and in equity, which the RELEASING PARTIES, ever had, now have or may hereafter have against each other, jointly and severally, arising out of, or which might arise out of, that certain occurrence and/or incident which forms the basis of this claim and/or lawsuit, as is denoted in the above numbered and entitled cause, the related state proceeding, or any claims which in any way relate to, arise out of or are in any way connected with allegations or claims for injuries, expenses or damages.

The RELEASING PARTIES further agree never to again instigate legal proceedings in any court against each other with respect to any of the allegations and claims that are the subject matter and arise out of the occurrence made the basis of the above numbered and entitled cause.

The RELEASING PARTIES agree to hold harmless from and to defend and indemnify each other against all further claims, demands, malpractice or bad faith claims and allegations, liens, costs, expenses and lawsuits incurred by them in the event either party claiming by, through, or under each party ever again institutes a suit or claim against the other party with respect to the allegations and claims and subject matter arising out of or which might arise out of the occurrence in question made the basis of this litigation and/or claim; such indemnification shall include, but is not limited to, the amounts of said claims and the costs of defending these claims, including attorneys' fees and court costs.

The RELEASING PARTIES warrant and represent that they are the owners of the claims being released and they have not transferred, assigned or otherwise encumbered said claims or any part of those claims.

The RELEASING PARTIES warrant and represent that they have made a full and thorough and complete investigation of the facts and circumstances surrounding this occurrence, and voluntarily and of their own free will are signing and entering into this agreement for the purposes and consideration therein expressed. The RELEASING PARTIES further warrant and represent that they state that this Release and Agreement is a full, final and complete settlement and compromise and one which cannot be reopened at any time in the future, regardless of what might take place or occur at a later date.

In entering into this agreement of settlement and compromise, the RELEASING PARTIES have not relied upon any statement or representation made by each other or by any individual or organization representing either party. The RELEASING PARTIES further warrant and represent that they have carefully, completely, and fully read this Release and Agreement, know the contents thereof and understand and fully appreciate the legal consequences of the execution of this Agreement and are doing so voluntarily and of their own free will and are not being forced to sign this Release and Agreement.

It is further understood and agreed by the RELEASING PARTIES that any and all claims against each other not specifically released therein, if any, and which are in any way related to or arise out of the occurrence which is the subject of this lawsuit/claim are hereby fully, finally and completely waived.

Date: October 29, 1999

Armando R. Villalobos

Carol Chapman-Kondos on behalf of Carol Chapman-Kondos, P.C.

Settlement and Release Agreement – Page 4

3 1

NOV 1 5 1999

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

NOV 1 5 1999

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEBTOR | § | |

| | | |
|---|---|---|
| CAROL CHAPMAN-KONDOS, P.C. | § | |
| D/b/a KONDOS & KONDOS | § | |
| PLAINTIFF | § | |
| VS. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS | § | |
| DEFENDANT | § | |

## AGREED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Carol Chapman-Kondos, P.C., d/b/a Kondos & Kondos Law

Offices, (hereinafter referred to as "Plaintiff") and Armando R. Villalobos, (hereinafter

referred to as "Defendant"), and moves this Court to Dismiss the pending adversary with

prejudice and for cause would show:

I.

Plaintiff and Defendant have entered into a Settlement and Release Agreement for

the causes of action that have been alleged in this pending adversary. Because of the

agreed settlement, the parties no longer wish to proceed with this litigation and would

request that the Court dismiss the pending adversary.

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Defendant respectfully

request that this pending adversary be dismissed with prejudice and removed from the

docket of the Court; and any further relief that each party may be entitled.

Agreed Motion to Dismiss – Page 1

32

Respectfully submitted.

Armando R. Villalobos
SBOT #99788584
PMB #111, 1327 E. Washington Ave.
Harlingen, Texas 78550
(956) 792-6715
**DEFENDANT IS PRO-SE**

Angel K. Avant
SBOT #01448470
Law Offices of Kondos & Kondos
1595 North Central Expressway
Richardson, Texas 75080-3590
Phone  (972) 231-9924
Fax     (972) 231-8636
**ATTORNEY FOR PLAINTIFF**

33

FILED BY:
Anjel Avant Benton
State Bar No. 01448470
Attorney for Carol Chapman-Kondos, P.C.
Kondos & Kondos Law Offices
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX

United States Bankruptcy Court
Southern District of Texas
FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FEB 2 0 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| ARMANDO R. VILLALOBOS | * | CASE NO. 97-20429-B-7 |
| | * | (Chapter 7) |
| DEBTOR | * | |
| | * | |

---

| | | |
|---|---|---|
| CAROL CHAPMAN-KONDOS, P.C. | * | |
| d/b/a KONDOS & KONDOS LAW OFFICES | * | |
| | * | |
| PLAINTIFF | * | |
| | * | |
| VS. | * | ADVERSARY NO. 98-1007-B |
| | * | |
| ARMANDO VILLALOBOS | * | |
| | * | |
| DEFENDANT. | * | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices
files this its Complaint to Determine Dischargeability of Debt
("Complaint") as follows:

### I.

### JURISDICTION

1. This Court has jurisdiction over the claims set forth herein
pursuant to 28 U.S.C. sec. 157(b) and 1334.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 1



3

2.  The Court has personal jurisdiction over Armando Villalobos ("Defendant") because he resides in Texas and has conducted business in Texas and has committed torts in Texas.

3.  This action is a core proceeding under 28 U.S.C. sec. 157(b)(2).

4.  Venue is proper in this district pursuant to 28 U.S.C. sec. 1409.

II.

### PARTIES

5.  Plaintiff Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices is a professional corporation with its place of business in Dallas County, Texas.

6.  Defendant Armando R. Villalobos is an individual residing in Collin County, Texas and can be served with process at his office address of: 5960 W. Parker Road, Suite 278, L.B. 191, Plano, Texas 75093.

III.

### NATURE OF SUIT

7.  This complaint is brought pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code. Plaintiff seeks judgment against Defendant and to have Defendant's indebtedness to Plaintiff excepted from his bankruptcy discharge.

IV.

### FACTUAL BACKGROUND

8.  On or about May 27, 1997, Kondos & Kondos employed Defendant as a full-time salaried attorney to assist in the

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 2

representation of personal injury clients. His job responsibilities included, but were not limited to, accepting incoming calls from prospective clients, obtaining their signature on the law firm's Retainer Agreement, servicing the client, and handling the clients' claims until resolution.

9.      While in Kondos & Kondos' employ, Defendant accepted calls from clients seeking Kondos & Kondos' representation and, without Plaintiff's knowledge or permission, solicited Plaintiff's prospective clients and converted their cases for his own use.

10.      Defendant, without Plaintiff's knowledge or permission, handled, processed, and resolved cases, keeping for himself all attorney's fees.

11.      The above-described actions and misrepresentations of Defendant violate civil and penal statutes prohibiting barratry and constitute fraud, conversion, and tortious interference with business relations.

V.

A. CONVERSION

12.      Defendant's wrongful exercise of dominion and control over the cases of clients who had attempted to retain Kondos & Kondos as their counsel constitutes conversion. Such conduct by Defendant was willful and malicious, warranting both actual and exemplary damages, for which Plaintiff now brings suit.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 3

## B. FRAUD

13.     Defendants' misrepresentation of material facts, as described above, was relied on to Plaintiff's detriment and constitute fraud, for which Plaintiff now brings suit for all damages, both actual and exemplary as allowed by law.

### C.   TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

14.     Defendants' wrongful and malicious interference with Kondos & Kondos business relationship with its clients was without legal justification or excuse and has caused damage to Plaintiff, for which Plaintiff now brings suit for all damages as allowed by law.

### VI.

### DAMAGES

15.     Plaintiff has been damaged by the actions of Defendant as described above, and such action was committed knowingly, intentionally, and with malice.

16.     Therefore, Plaintiff brings this action against Defendant Armando Villalobos, for all attorneys fees, costs of court, actual damages and exemplary damages as allowed by law and within the jurisdictional limits of this Court.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 4

## VII.

__NONDISCHARGEABILITY OF DEBT PURSUANT TO SEC. 523(a)(2)(A) AND (6)__

17.      Pursuant to sec. 523(a)(2)(A) and (6) all amounts owing by Defendant to Plaintiff should be excepted from his discharge.

18.      Pursuant to sec. 523(a))(2)(A) and (6) this Court should determine that Defendant is liable to Plaintiff for the damages outlined above and that these obligations are nondischargeable.

## VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kondos & Kondos prays that this Court award Plaintiff its actual and exemplary damages as well as costs of court, attorneys fees, pre-judgment and post-judgment interest against Defendant, and that this Court determine Defendant's indebtedness to Plaintiff to be nondischargeable pursuant to sec. 523(a)(2)(A) and (6) and that Plaintiff be granted such other and further relief to which it may justly be entitled.

Respectfully Submitted,

Kondos & Kondos Law Offices

Anjel Avant Benton
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX
__ATTORNEY FOR PLAINTIFF__

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 5

Rev 8/87)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

98-1007-B

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CAROL CHAPMAN-KONDOS, P.C.<br>d/b/a KONDOS & KONDOS LAW OFFICES | ARMANDO VILLALOBOS    FEB 20 98<br><br>U    ES<br>B       URT |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Anjel Avant Benton  (972) 231-9924<br>Kondos & Kondos Law Ofices<br>1595 N. Central Expressway<br>Richardson, Texas 75080 | Armando Villalobos<br>5960 W. Parker Rd.<br>Suite 278 LB 191<br>Plano, Texas 75093 |

PARTY (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    XX 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff brings this suit pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code to determine dischargeability due to acts of conversion, fraud, and tortious interference with business relations by the Defendant that resulted in damages to Plaintiff.

### NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan

XX 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | XX 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 10 | OTHER RELIEF SOUGHT<br>dischargeability | XX JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Armando Villalobos | BANKRUPTCY CASE NO.<br>97-20429-B-13 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>Corpus Christi | NAME OF JUDGE<br>Schmidt |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | XX FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>2/16/98 | PRINT NAME<br>Anjel Avant Benton | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives and Records Administration, that the attached reproduction(s) is

a true and correct copy of documents in his custody.



| SIGNATURE | |
|---|---|
| *Twila Gore* | |
| NAME KENT C. CARTER | DATE 3-5-02 |
| TITLE Regional Director | |
| NAME AND ADDRESS OF DEPOSITORY | |
| Office of Regional Records Services<br>Southwest Region<br>501 W. Felix St., Bldg. 1<br>Fort Worth, TX 76115 | |

NA FORM 13040 (10-86)

4 0

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| ********************************§ | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

## DEBTOR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, ARMANDO R. VILLALOBOS

TO:    CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, by and through its attorney of record, Anjel Avant Benton, KONDOS & KONDOS LAW OFFICES, 1595 North Central Expressway, Richardson, Texas 75080.

Pursuant to the provisions of Bankruptcy Rule 7034, adopting Federal Rule of Civil Procedure 34, ARMANDO R. VILLALOBOS, Debtor/Defendant, responds to Plaintiff's First Request for Production of Documents Directed to Defendant, Armando R. Villalobos, propounded by CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, subject to the objections stated herein.

Respectfully submitted,

LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 -- facsimile

By: _____
Abelardo Limon, Jr.
Federal I.D. No. 10045
State Bar No. 12357750

41

## REQUEST FOR PRODUCTION

1. A true and correct copy of the front and back of Defendant's drivers license and social security card.
  SEE ATTACHED

2. A true and correct copy of Defendant's resume.
  SEE ATTACHED

3. Each business card used by Defendant from that date Defendant graduated from law school to present.
  Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, there are none.

4. Any and all employment contracts entered into by Defendant from the date of graduation from law school to present.
  Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, there are none.

5. Articles of incorporation for every company or organization for which Defendant is an officer, registered agent, owner, or other principal.
  Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to such objection, SEE ATTACHED.

6. Retainer agreements for every client Defendant has represented personally from the date of graduation from law school to present.
  Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

7. True and correct copies of all checks, deposit slips, withdrawal slips, and bank statements for any and all accounts used by Defendant for clients Defendant has personally represented since graduation from law school to present.
  Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

8. All documents indicating suits in which Defendant has been named a party, including, but not limited to bankruptcy.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

9. All documents indicating grievances filed against Defendant with the State Bar of Texas.
   None.

10. Complete client files and client lists for those cases Defendant personally represented from May 1997 to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

11. All written correspondence or documentation between Defendant and Lucio & Assoc. From the date of graduation from law school to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

12. True and correct copies of all Retainer Agreements of clients procured by Defendant for Lucio & Assoc. From May 1997 to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

13. All written or audio taped communication between Defendant and Angela Brooks.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

14. All written documentation, including but not limited to, checks, deposit slips, Retainer Agreements, and correspondence concerning any and all cases handled by Defendant for Angela Brooks.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

15. All written or audio taped communication between Defendant and Lucy Smith.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

16. All written documentation, including but not limited to, checks, deposit slips, Retainer Agreement, and correspondence concerning any and all cases handled by Defendant for Lucy Smith.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

17. Documents indicating any and all office and home addresses used by Defendant from the date Defendant graduated from law school to present.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

18. True and correct copies of all police reports Defendant obtained through the use of Kondos & Kondos courier for clients he was personally representing.

None.

19. Documentation indicating the identity of any cellular phone service and/or pager phone service used by Defendant from May 1997 to present. Include, also documentation indicating the phone number assigned to Defendant.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence. Subject to such objection, there are none.

20. Produce all pager and cellular phone records for Defendant from May 1997 to present, indicating dates and numbers called.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

21. Documentation identifying Defendant's employees from May 1997 to December 1, 1997. By "employee", Defendant refers to those individuals paid by Defendant with his own personal clients.

None.

22. Documents identifying clients Defendant has represented personally while employed at firms other than Kondos & Kondos, where such representation was not known to the law firm.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence. Subject to such objection, there are none.

23. All written or audio taped communication between Defendant and any employee or representative of Kondos & Kondos.

None.

24. Documents identifying clients Defendant has represented personally while employed at Kondos & Kondos, where such representation was not known to Kondos & Kondos.

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

25. Documentation identifying all accounts, including trust funds, used by Defendant to deposit moneys concerning clients Defendant personally represented from May 1997 to present.

45

Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

26. Documents indicating any and all grievances filed against Defendant with the State Bar of Texas, indicating the date, identity of the claimant, the charge or complaint, and its disposition.
    None.

27. Documents identifying any and all suits in which defendant is a named party, including bankruptcy.
    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

28. Documents identifying all companies in which Defendant is or has been an owner, registered agent, officer, or partner.
    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

29. All documents concerning Angela Brooks" personal injury case.
    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

30. All documents concerning Lucy's Smith"s personal injury claim.
    Defendant objects to this request for the reason that it is global, overly broad, unduly burdensome and calls for matters which are not reasonably calculated to lead to the discovery of admissible or relevant evidence. Also, it calls for matters which are protected by the attorney client privilege, and it calls for extensive documentation that is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

ANSWER:    Defendant objects to this request on the grounds that it assumed that Defendant intercepted calls for the purpose of representing those clients personally. Defendant also objects to the request on the grounds that it calls for information which is not in the scope of Defendant's knowledge. Subject to such objection, deny.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| ********************************§ | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

## VERIFICATION

STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared ARMANDO R. VILLALOBOS, known to me to be the person whose name is subscribed to the foregoing Debtors' Response to Plaintiff's First Request for Production of Documents Directed to Defendant, Armando R. Villalobos, and verified that the foregoing is within his personal knowledge and is true and correct.

Armando R. Villalobos

SUBSCRIBED AND SWORN TO before me on June 30, 1998 to certify which witness my hand and official seal.

Notary Public, State of Texas

NORMA JEAN CHAVEZ
MY COMMISSION EXPIRES
May 21, 1999

48





49

This card is the official verification of your Social Security number. Please sign it right away. Keep it in a safe place.

Improper use of this card or number by anyone is punishable by fine, imprisonment or both.

This card belongs to the Social Security Administration and you must return it if we ask for it.

If you find a card that isn't yours, please return it to:
> Social Security Administration
> P.O. Box 17087, Baltimore, MD 21235

For any other Social Security business/information, contact your local Social Security office. If you write to the above address for any business other than returning a found card, it will take longer for us to answer your letter.

Social Security Administration        D48140128
Form SSA–3000 (4–95)

Directive to physicians has been filed at SS #

Allergic reaction to drugs

ENDORSEMENTS
No Endorsements

RESTRICTIONS
No Restrictions

# ARMANDO R. VILLALOBOS

5960 W. Parker Road, Suite 278, LB 191
Plano, Texas 75093
972/608-5891

**PROFESSIONAL SKILLS :**

Licensed to practice law in the State of Texas since 11/93;
Admitted to practice law in the United States District Court for
the North District of Texas; Bilingual English/Spanish.

**EDUCATION:**

Southern Methodist University School of Law
Dallas, Texas:  J.D., May 1993

The University of Texas at Austin
B.A., in Economics, August 1990

**EMPLOYMENT:**

| | |
|---|---|
| May 1997 - December 1997 | **Kondos & Kondos, Dallas, Texas**<br>Position:   Associate<br>Experience:   Personal Injury/Plaintiff |
| March 1997- May 1997 | **Law Offices of Windle Turley, Dallas, Texas**<br>Position:   Associate<br>Experience:   Personal Injury/Plaintiff |
| January 1997- March 1997 | **Cameron County District Attorney, Brownsville, Texas**<br>Position:   Assistant District Attorney<br>Experience:   Prosecution of Felony Narcotic Offenses and Asset Forfeiture. |
| August 1995 - December 1996 | **Lucio & Villalobos, P.C., Dallas, Texas**<br>Position:   Principal<br>Experience:   Personal Injury/Plaintiff and Defendant, Criminal Defense, Wrongful Death, Small Business Advising, DTPA, Estate Planning, Probate, Family Law, Real Estate. |
| April 1995 - August 1995 | **Law Offices of Domingo Garcia, Dallas, Texas**<br>Position:   Associate<br>Experience:   Personal Injury/Plaintiff and Criminal Defense. |
| September 1994- April 1995 | **Cameron County District Attorney, Brownsville, Texas**<br>Position:   Assistant District Attorney<br>Experience:   Prosecution of Felony Narcotic Offenses. |
| January 1993 - June 1994 | **Mancnee & Associates, P.C., Dallas, Texas**<br>Position   Associate<br>Experience.   Personal Injury/Plaintiff and Defendant, Bankruptcy, Wrongful Death, Damages, Corporations, Estate Planning & DTPA. |

**ASSOCIATIONS:**

State Bar of Texas, Mexican-American Bar Association, Plano Bar Association, Dallas Bar Association, Texas Trial Lawyers Association.

51

ASSOCIATIONS:
State Bar of Texas, Mexican-American Bar Association, Waco Bar Association, Dallas Bar Association, Texas Trial Lawyers Association.

## CERTIFICATE OF SERVICE

I hereby certify I served a copy of the foregoing Response to Plaintiff's First Request for Production of Documents upon the following, Via OVERNIGHT DELIVERY this ⁀ day of July, 1998:

Anjel Avant Benton
KONDOS & KONDOS LAW OFFICES
1595 North Central Expressway
Richardson, Texas 75080

_____
Abelardo Limon

53

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
|     Debtor | § | |
| ******************************* | § | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

## DEBTOR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO ARMANDO R. VILLALOBOS

TO:   CAROL CHAPMAN-KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, by and through its attorney of record, Anjel Avant Benton, KONDOS & KONDOS LAW OFFICES, 1595 North Central Expressway, Richardson, Texas 75080.

Pursuant to the provisions of Bankruptcy Rule 7034, adopting Federal Rule of Civil

Procedure 34, ARMANDO R. VILLALOBOS, Debtor/Defendant, responds to Plaintiff's First

Request for Admissions Directed to Armando R. Villalobos, propounded by CAROL CHAPMAN-

KONDOS, P.C., d/b/a KONDOS & KONDOS LAW OFFICES, subject to the objections stated

herein.

Respectfully submitted,

LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 -- facsimile

By: _____
    Abelardo Limon, Jr.
    Federal I.D. No. 10045
    State Bar No. 12357750

54

## REQUEST FOR ADMISSIONS OF FACT

1. Admit or deny you were employed as a full- time, salaried attorney at Kondos & Kondos Law Offices from May 27, 1997 to December 1, 1997.

ANSWER:    Admit

2. Admit or deny that you were employed by Kondos & Kondos to assist in representation of personal injury clients.

ANSWER:    Defendant cannot admit or deny this Request for Admission for the reason that in addition to representing personal injury clients, Defendant was also hired to work social security claims, criminal defense matters, and to assist advertising department for Spanish commercials.

3. Admit or deny Kondos & Kondos never agreed to allow you to retain attorney's fees from clients seeking representation from Kondos & Kondos.

ANSWER:    Defendant cannot admit or deny this Request for Admission for the reason that Defendant and Plaintiff  never discussed attorneys fees in regards to criminal and other matters which were not part of my normal duties at Kondos & Kondos.

4. Admit or deny you agreed to personally represent individuals who were calling Kondos & Kondos for representation.

ANSWER:    Deny.

5. Admit or deny you pocketed money from cases belonging to clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

6. Admit or deny you communicated with your own clients on Kondos & Kondos' time and using Kondos & Kondos' long distance.

ANSWER:    Defendant objects to this request as being a compound request for admission. Subject to such objection, deny.

7. Admit or deny you personally solicited clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

8. Admit or deny that you did not notify Kondos & Kondos that you were personally representing clients who had called Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request as being vague in that is assumes that Defendant represented persons who had called Kondos & Kondos for representation. Subject to such objection, Defendant cannot admit or deny as worded. Further, Defendant denies personally representing clients who called Kondos & Kondos for representation.

9. Admit or deny that you met your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

10. Admit or deny you agreed to personally represent more than one client who had originally called Kondos & Kondos for representation.

ANSWER:    Deny.

11. Admit or deny you offered clients who called Kondos & Kondos a lower fee if they would retain you personally - instead of Kondos &Kondos.

ANSWER:    Deny.

12. Admit or deny, after you were fired, you told clients not to call you at Kondos & Kondos because a paralegal was giving you trouble and would not give you the call.

ANSWER:    Deny.

13. Admit or deny you were fired for personally representing a client who had originally contacted Kondos & Kondos for representation.

ANSWER:    Deny.

14. Admit or deny you sent Lucio & Assoc. Clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

15. Admit or deny you had an arrangement with Lucio & Assoc. regarding cases that you retained from clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

16. Admit or deny you did not tell clients that you personally signed up that they were not retaining Kondos & Kondos as their counsel.

ANSWER:    Defendant objects to this request as being vague in that it assumes that Defendant signed up clients who called Kondos & Kondos for representation. Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

17. Admit or deny you came in late to work at Kondos & Kondos on a regular basis.

ANSWER:    Deny.

18. Admit or deny you regularly read the newspaper on Kondos & Kondos' time.

ANSWER:    Deny.

19. Admit or deny you deposited moneys from clients' cases that you personally represented from May 1997 to present into an account set up by Lucio & Assoc.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege. Subject to said objection, deny.

20. Admit or deny you deposited the insurance company's settlement check for Angela Brooks' settlement into your own personal account.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege. Subject to said objection, deny.

21. Admit or deny you never informed Kondos & Kondos that you were signing clients up personally who had called the firm for representation.

ANSWER:    Defendant objects to this request as being vague in that it assumes that Defendant signed up clients who called Kondos & Kondos for representation. Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

22. Admit or deny you used Kondos & Kondos' advertising and reputation to obtain clients for yourself.

ANSWER:    Deny.

23. Admit or deny you used Kondos & Kondos' resources to work on your own clients' cases.

ANSWER:    Defendant objects to this request on the grounds as being vague in the use of the term "resources."  Subject to such objection, deny.

24. Admit or deny you told Bill Robbins and Carol Kondos that you were personally representing only one client who had originally called the firm for representation.

ANSWER:    Deny.

25. Admit or deny that you informed other individuals that you were personally representing clients who had called Kondos & Kondos for representation.

ANSWER:    Deny.

26. Admit or deny you knew it was wrong to personally represent a client who had contacted Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request on the grounds as being vague in the use of the term "resources."  Subject to such objection, deny.

27. Admit or deny you never had Kondos & Kondos' permission to personally represent clients on your own while employed at Kondos & Kondos.

ANSWER:    Deny.

28. Admit or deny you used Kondos & Kondos' couriers to obtain police reports for clients you had signed up personally.

ANSWER:    Deny.

29. Admit or deny you have represented your own personal clients for more than three (3) months while employed with Kondos & Kondos.

ANSWER:    Admit.

30. Admit or deny you had not met Angela Brooks prior to July 28, 1997

ANSWER:    Deny.

31. Admit or deny you telephoned and/or accepted telephone calls from your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

32. Admit or deny you mailed correspondence to your personal clients on Kondos & Kondos' time.

ANSWER:    Deny.

33. Admit or deny you sent faxes concerning your personal clients' cases on Kondos & Kondos' time.

ANSWER:    Deny.

34. Admit or deny you did not deposit settlement proceeds from Angela Brooks' case into a trust account.

ANSWER:    Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege.  Subject to said objection, deny.

35.  Admit or deny you knew it was Kondos & Kondos' policy to have all clients sign a Kondos & Kondos' Retainer Agreement.

ANSWER:    Deny.

36.  Admit or deny you planned to solicit clients calling Kondos &Kondos for representation as soon as you began working for Kondos & Kondos.

ANSWER:    Deny.

37.  Admit or deny you solicited Lucy Smith as your personal client when she called Kondos & Kondos for representation.

ANSWER:    Deny.

38.  Admit or deny you never planned to inform Kondos & Kondos that you had personally represented a client who had originally called Kondos & Kondos for representation.

ANSWER:    Defendant objects to this request on the grounds that this request assumes that Defendant represented a client who had originally called Kondos & Kondos for representation. Subject to such objection, Defendant did not personally represent any client who wanted the representation of Kondos & Kondos.

39.  Admit or deny you did not have legal malpractice insurance to cover you on cases that you personally handle without Kondos & Kondos' Retainer Agreements from May 1997 to December 1, 1997.

ANSWER:     Unable to admit or deny.  Defendant is unsure what the legal malpractice insurance provided by Kondos & Kondos covered.  Defendant did not have any other insurance than what was provided by Kondos & Kondos.

40.  Admit or deny you scheduled meetings with medical practitioners to discuss letters of protection and potential patients that you would or might send that you represented personally.

ANSWER:     Deny.

41.  Admit or deny that such meetings, as described in Request No. 40, were scheduled on Kondos & Kondos' time.

ANSWER:     Deny.

42.  Admit or deny that such meetings, as described in Request NO. 40, were scheduled to take place on Kondos & Kondos' time.

ANSWER:     Deny.

43.  Admit or deny that such meetings, as described in Request No. 40, were scheduled to take place with you, the medical practitioner and other employees or employee of Kondos & Kondos.

ANSWER:     Deny.

44.  Admit or deny Kondos & Kondos' employees or an employee assisted you on cases involving your personal clients ( i.e. those who had not signed a Kondos & Kondos' Retainer Agreement.)

ANSWER:     Deny.

45. Admit or deny you requested medical providers to treat your personal clients on a letter of protection from Kondos & Kondos.

ANSWER:    Deny.

46. Admit or deny, while working for law firms other than Kondos & Kondos, you have personally represented clients who had originally called your employer for representation.

ANSWER:    Deny.

47. Admit or deny, while working for law firms other than Kondos & Kondos, you have personally represented clients who had originally called your employer for representation.

ANSWER:    Deny.

48. Admit or deny you have been terminated from your employment with a law firm other than Kondos & Kondos.

ANSWER:    Deny.

49. Admit or deny you stole at least one case from Kondos & Kondos.

ANSWER:    Deny.

50. Admit or deny you have intercepted clients calls to firms other than Kondos & Kondos for the purpose of representing them personally.

ANSWER:    Deny.

51. Admit or deny Lucio & Assoc. had knowledge that you had intercepted client calls to Kondos & Kondos and/or other law firms for the purpose of representing those clients personally.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 97-20429-B-7 |
| ARMANDO R. VILLALOBOS, | § | CHAPTER 7 PROCEEDING |
| Debtor | § | |
| **********************************§ | | |
| CAROL CHAPMAN-KONDOS, P.C., | § | |
| d/b/a KONDOS & KONDOS LAW | § | |
| OFFICES, Plaintiff | § | |
| vs. | § | ADVERSARY NO. 98-1007-B |
| | § | |
| ARMANDO R. VILLALOBOS, | § | |
| Defendant | § | |

## VERIFICATION

STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared ARMANDO R. VILLALOBOS, known to me to be the person whose name is subscribed to the foregoing Debtors' Response to Plaintiff's First Request for Admissions Directed to Defendant, Armando R. Villalobos, and verified that the foregoing is within his personal knowledge and is true and correct.

Armando R. Villalobos

SUBSCRIBED AND SWORN TO before me on June 30, 1998 to certify which witness my hand and official seal.

Notary Public, State of Texas

NORMA JEAN CHAVEZ
MY COMMISSION EXPIRES
July 21, 1999

6 4

## CERTIFICATE OF SERVICE

I hereby certify I served a copy of the foregoing Response to Plaintiff's First Request for Admissions upon the following, Via OVERNIGHT MAIL, this ____ day of July, 1998:

Anjel Avant Benton
KONDOS & KONDOS LAW OFFICES
1595 North Central Expressway
Richardson, Texas 75080


Abelardo Limon

FILED BY:
Anjel Avant Benton
State Bar No. 01448470
Attorney for Carol Chapman-Kondos, P.C.
Kondos & Kondos Law Offices
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX

United States Bankruptcy Court
Southern District of Texas
FILED

IN THE UNITED STATES BANKRUPTCY COURT FEB 20 1998
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| ARMANDO R. VILLALOBOS | * | CASE NO. 97-20429-B-7 |
| | * | (Chapter 7) |
| DEBTOR | * | |
| | * | |

---

| | | |
|---|---|---|
| CAROL CHAPMAN-KONDOS, P.C. | * | |
| d/b/a KONDOS & KONDOS LAW OFFICES | * | |
| | * | |
| PLAINTIFF | * | |
| | * | |
| VS. | * | ADVERSARY NO. 98-1007-B |
| | * | |
| ARMANDO VILLALOBOS | * | |
| | * | |
| DEFENDANT. | * | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices files this its Complaint to Determine Dischargeability of Debt ("Complaint") as follows:

I.

### JURISDICTION

1.   This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. sec. 157(b) and 1334.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 1

2. The Court has personal jurisdiction over Armando Villalobos ("Defendant") because he resides in Texas and has conducted business in Texas and has committed torts in Texas.

3. This action is a core proceeding under 28 U.S.C. sec. 157(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. sec. 1409.

## II.

### PARTIES

5. Plaintiff Carol Chapman-Kondos, P.C. d/b/a Kondos & Kondos Law Offices is a professional corporation with its place of business in Dallas County, Texas.

6. Defendant Armando R. Villalobos is an individual residing in Collin County, Texas and can be served with process at his office address of: 5960 W. Parker Road, Suite 278, L.B. 191, Plano, Texas 75093.

## III.

### NATURE OF SUIT

7. This complaint is brought pursuant to sec. 523(a)(2)(A) and (6) of the Bankruptcy Code. Plaintiff seeks judgment against Defendant and to have Defendant's indebtedness to Plaintiff excepted from his bankruptcy discharge.

## IV.

### FACTUAL BACKGROUND

8. On or about May 27, 1997, Kondos & Kondos employed Defendant as a full-time, salaried attorney to assist in the

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 2

representation of personal injury clients. His job responsibilities included, but were not limited to, accepting incoming calls from prospective clients, obtaining their signature on the law firm's Retainer Agreement, servicing the client, and handling the clients' claims until resolution.

9.    While in Kondos & Kondos' employ, Defendant accepted calls from clients seeking Kondos & Kondos' representation and, without Plaintiff's knowledge or permission, solicited Plaintiff's prospective clients and converted their cases for his own use.

10.    Defendant, without Plaintiff's knowledge or permission, handled, processed, and resolved cases, keeping for himself all attorney's fees.

11.    The above-described actions and misrepresentations of Defendant violate civil and penal statutes prohibiting barratry and constitute fraud, conversion, and tortious interference with business relations.

V.

A. CONVERSION

12.    Defendant's wrongful exercise of dominion and control over the cases of clients who had attempted to retain Kondos & Kondos as their counsel constitutes conversion. Such conduct by Defendant was willful and malicious, warranting both actual and exemplary damages, for which Plaintiff now brings suit.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 3

## B. FRAUD

13.    Defendants' misrepresentation of material facts, as described above, was relied on to Plaintiff's detriment and constitute fraud, for which Plaintiff now brings suit for all damages, both actual and exemplary as allowed by law.

## C.    TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

14.    Defendants' wrongful and malicious interference with Kondos & Kondos business relationship with its clients was without legal justification or excuse and has caused damage to Plaintiff, for which Plaintiff now brings suit for all damages as allowed by law.

## VI.

## DAMAGES

15.    Plaintiff has been damaged by the actions of Defendant as described above, and such action was committed knowingly, intentionally, and with malice.

16.    Therefore, Plaintiff brings this action against Defendant Armando Villalobos, for all attorneys fees, costs of court, actual damages and exemplary damages as allowed by law and within the jurisdictional limits of this Court.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 4

## VII.

### NONDISCHARGEABILITY OF DEBT PURSUANT TO SEC. 523(a)(2)(A) AND (6)

17.     Pursuant to sec. 523(a)(2)(A) and (6) all amounts owing by Defendant to Plaintiff should be excepted from his discharge.

18.     Pursuant to sec. 523(a))(2)(A) and (6) this Court should determine that Defendant is liable to Plaintiff for the damages outlined above and that these obligations are nondischargeable.

## VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kondos & Kondos prays that this Court award Plaintiff its actual and exemplary damages as well as costs of court, attorneys fees, pre-judgment and post-judgment interest against Defendant, and that this Court determine Defendant's indebtedness to Plaintiff to be nondischargeable pursuant to sec. 523(a)(2)(A) and (6) and that Plaintiff be granted such other and further relief to which it may justly be entitled.

Respectfully Submitted,

Kondos & Kondos Law Offices

Anjel Avant Benton
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
(972) 231-9924
(972) 231-8636 FAX
ATTORNEY FOR PLAINTIFF

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 5

70