*14*

United States District Court
Southern District of Texas
FILED

JUN 0 6 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO R. VILLALOBOS | § | CIVIL ACTION NO. B-02-33 |
| | § | |
| VS. | § | |
| | § | |
| NATIONAL CASUALTY COMPANY | § | 26(F) REPORT |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

No meeting. The defense counsel contacted the plaintiff's counsel's office. Defense counsel also transmitted a draft joint 26(f) report to plaintiff's counsel but never received comments or a return call.
M. Forest Nelson - National Casualty Company

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

Cause No. 00-07529-B, Smith v. Kondos v. National Casualty, 44th Judicial District Court of Dallas County, Texas.

3.  Specify the allegation of federal jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332.

4.  Name the parties who disagree and the reasons.

None.

5.  List the additional parties that should be included, when they can be added, and by whom they are wanted.

Armando R. Villalobos, in his motion to remand, contended he wanted to join his prior law firm and its insurance agent. This Court denied the motion to remand. Accordingly, none.

6. List the anticipated interventions.

None.

7. Describe class-action issues.

None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

National Casualty Company will make the disclosures at the Rule 26(f) conference. It is presumed that Armando Villalobos will comply with the Federal Rules of Civil Procedure and make his disclosures by or at the Rule 26(f) conference

9. Describe the propose agreed discovery plan including:

A. Responses to all the matters raised in Rule 26(f).

Within 14 days of the Rule 26(f) conference.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Unknown.

C. When and to whom the defendant anticipates it may send interrogatories.

Armando Villalobos; within three months of the Rule 26(f) conference.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

National Casualty Company spokesperson; within five months of the Rule 26(f) conference.

E.  Of whom and by when the defendant anticipates taking oral depositions.

Armando Villalobos and a spokesperson for the Kondos law firm, within five months of the Rule 26(f) conference.

F.  List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

None known as of this date.

G.  List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

None anticipated at this date.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals pf each party.

National Casualty Company agrees to the discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

12. State the date the planned discovery can reasonably completed.

Six months after the Rule 26(f) conference.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

None. Defendant's counsel attended a mediation in the underlying state action, which plaintiff and his counsel did not attend

14. Describe what each party has done or agreed to do to bring about a prompt settlement.

National Casualty Company attended the mediation in the underlying state action among the Smiths, Kondos, Villalobos, and National.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

National Casualty Company has already attended a mediation, and thus, is unsure whether alternative dispute resolution techniques are suitable.

16. Magistrate judges may now hear jury and non-jury trial. Indicate the parties joint position on a trial before a magistrate.

National Casualty does not object to trial before a magistrate.

17. State whether a jury demand has been made and if it was made on time.

No.

18. Specify the number of hours it will take to present the evidence in this case.

15 hours.

19. List the pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

20. List other motions pending.

None.

21.   Indicate other matters peculiar to this case, including discovery, that deserve special attentions of the court at conference.

None.

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

      M. FOREST NELSON
      State Bar No. 14904625
      S.D. ID. 5934
      Burt Barr & Associates, L.L.P.
      304 South Record Street
      Dallas, Texas 75202
      (214) 742-8001
      Telefax: (214) 741-6744
      NATIONAL CASUALTY COMPANY

      Geoff J. Henley
      State Bar No.
      S.D.ID.
      Henley & Henley, P.C.
      2205 N. Henderson Avenue
      Dallas, Texas 75206-6002
      (214) 821-0222
      Telefax: (214) 821-0124
      ARMANDO R. VILLALOBOS

Respectfully submitted,

BURT BARR AND ASSOCIATES, L.L.P.

By: _____
M. Forest Nelson
S.D.ID. 5934
S.B.N. 14904625
304 South Record Street
Dallas, Texas 75202
(214) 742-8001
(214) 741-6744 facsimile

ATTORNEY FOR NATIONAL CASUALTY
INSURANCE COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing 26(f) Report has been duly forwarded by regular U.S. mail to all attorneys of record, on this the 3rd day of June, 2002.

_____
M. Forest Nelson