UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARMANDO R. VILLALOBOS | § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-33 |
| NATIONAL CASUALTY COMPANY | § § | 26(f) REPORT |

## PLAINTIFF'S AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  State where and when the meetings of the parties required by Rule 26(f) were held, and identify the counsel who attended for each party.

No meeting occurred. Defense counsel called Plaintiff's counsel, but did not return Plaintiff's counsel subsequent return calls. Defense counsel transmitted a draft report to Plaintiffs' counsel via facsimile after June 10, 2002.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

Cause No. 00-07529-B, Lucy Smith et al. v. Kondos and Kondos et al., 44th Judicial District Court of Dallas County, Texas. Following the removal of this action, Defendant National Casualty filed a Plea in Intervention in Cause No. 00-07529-B.

3.  Specify the allegation of federal jurisdiction. Diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

4.  Name the parties who disagree and the reasons. None

5.  List the additional parties that should be included, when they can be added, and by whom they are wanted. Plaintiff Villalobos sought to join Kondos & Kondos to this action, a party in the action, Cause No. 00-07529-B, in which Defendant National Casualty subsequently filed its Plea in Intervention.

6.  List the anticipated interventions. None.

7.  Describe class-action issues. None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures. National Casualty Company states that it will

make the disclosures at the Rule 26(f) conference. Armando Villalobos may provide the disclosures at the Rule 26(f) conference or within 14 days afterward as allowed by Rule 26(a).

9. Describe the proposed agreed discovery plan including:

   A. Responses to all matters raised in Rule 26(f). Within 14 days of the Rule 26(f) conference.

   B. When and to whom the plaintiff anticipates it may send interrogatories. Plaintiff anticipates sending interrogatories within 20 (twenty) days of the Rule 26(f) conference to defendant.

   C. When and to whom the defendant anticipates it may send interrogatories. Defendant has stated that it would propound interrogatories within three months of the Rule 26(f) conference.

   D. Of whom and by and when the plaintiff anticipates taking oral depositions. The claims representative of National Casualty Company who handled the claim of Armando R. Villalobos and M. Forest Nelson within 40 (forty) days of the Rule 26(f) conference. Plaintiff also anticipates taking the deposition of either Carol Chapman Kondos, or a representative of Carol Chapman Kondos, P.C. d/b/a Kondos & Kondos. Attorney Bernard Guerrini, who represented Lucy and Michael Smith, in their action against Armando Villalobos.

   E. Of whom and by when the defendant anticipates taking oral depositions. Defendant has stated that it intends to take the deposition of Armando Villalobos and a spokesperson for the Kondos law firm, within five months of the Rule 26(f) conference.

   F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report). Neither Plaintiff nor Defendant has designated any witness as an expert. Plaintiff has not retained any expert witnesses at present. Fact witnesses previously named for depositions, who are not under the control of Plaintiff, though, may be asked designated as experts, if during the course of their deposition testimony it is established that any person has a particular skill, education, training or experience in any manner relevant to this litigation.

   G. List expert depositions that the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report). None anticipate at this date.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party. Neither party disagrees to the discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date. Defendant belatedly answered Requests for Disclosures filed with the Original Petition in the 103rd District Court.

12. State the date the planned discovery can reasonably be completed. Six months after the Rule 26(f) conference.

13. Describe the possibilities for a prompt settlement of resolution of the case that were discussed in your Rule 26(f) meeting. None. Defendant's counsel attended mediation shortly after intervening in the state action. Prior to the mediation, which Villalobos was unable to afford, the malpractice plaintiffs attorney, Bernard Guerinni told counsel for Villalobos that neither counsel nor Villalobos needed to attend the mediation, which was intended to resolved the underlying malpractice action. Defendant National Casualty had intervened only weeks before the mediation and before answering even any preliminary discovery. Via telephone, Plaintiff's counsel made a demand for defense fees that was summarily rejected on behalf of defendant, through attorney David Metzler of COWLES & THOMPSON, which had been retained by National Casualty Company to represent the Kondos firm during the underlying malpractice action. Plaintiff's counsel was informed that this was the view of National Casualty and its counsel. During the mediation, National Casualty insisted the malpractice plaintiffs release Armando Villalobos as a condition to settling the malpractice action. Plaintiff subsequently sent a settlement demand that went unanswered by defendants' counsel.

14. Describe what each party has done or agreed to do to bring about a prompt settlement. Plaintiff's counsel made a demand for defense fees that was summarily rejected by defendant, as described in answer 13. Plaintiff subsequently sent a demand to settle the matter for $80,000.00 to compromise the claims for past costs of defense, to waive the costs of future litigation, including attorneys' fees and damages arising from the Breach of the Duty of Good Faith and Fair Dealing and any other appropriate remedy under statute or common law.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable. Given Plaintiff's previous efforts to resolve this matter, Plaintiff is uncertain whether alternative dispute resolution techniques would be suitable.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate. The parties do not object to trial before a magistrate.

17. State whether a jury demand has been and if it was done on time. No jury demand has been filed, because at present, the only matter pending before this court is a Declaratory Judgment action.

18. Specify the number of hours it will take to present the evidence in this case. Between 5 hours and 20 hours.

19. List the pending motions that could be ruled on at the initial pretrial scheduling conference.

20. List other motions pending.

21. Indicate other matters peculiar to this case, including discovery, which deserve special attention of the court at conference. The present status of the Plea in Intervention filed by Defendant National Casualty Company.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Geoff J. Henley
    HENLEY & HENLEY, P.C.
    State Bar No. 00798253
    Southern District I.D.: Application has been on file, certification pending
    2205 N. Henderson Avenue
    Dallas, Texas 75206
    (214) 821-0222
    Fax: (214) 821-0124

    Counsel for Plaintiff
    ARMANDO R. VILLALOBOS

    M. Forest Nelson
    State Bar. No. 14904625
    Southern District I.D. 5934
    Burt Barr & Associates, L.L.P.
    304 South Record Street
    Dallas, Texas 75202
    (214) 742-8001
    Fax: (214) 741-6744

    Counsel for Defendant
    NATIONAL CASUALTY COMPANY

Respectfully submitted,
HENLEY & HENLEY, P.C.

*[signature]*

Geoff J. Henley
Texas State Bar No.: 00797253
Southern District I.D. No.: Awaiting assignment
2205 N. Henderson Avenue
Dallas, Texas 75206

Attorneys for Plaintiff
ARMANDO R. VILLALOBOS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded by *hand-delivery* to all attorneys of record on this the 17th day of June, 2002.

*[signature]*

Geoff J. Henley